## Green Parker et al. v. The People of the State of Illinois, for use of Town of Alton.

1. TOWN MEETING—*when regularity of, cannot be questioned.* The regularity and organization of a town meeting cannot be collaterally attacked; a direct proceeding is necessary for that purpose.

2. TOWN MEETING—*presumptions which aid record of.* Where the regularity and organization of a town meeting is made the subject of a collateral attack, various presumptions are indulged to support the record and regularity and organization of such meeting.

3. CHAMPERTY—*when contract not tainted with.* A contract by which an attorney is to undertake litigation in consideration of a proportion of the amount recovered, is not subject to the taint of champerty.

Action of debt. Appeal from the Circuit Court of Madison County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed October 7, 1905.

B. H. CANBY, A. W. HOPE and B. J. O'NEILL, for appellants.

LEVI DAVIS, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was an action of debt on the official bond of Green Parker as town collector of the town of Alton, Madison county, Illinois, for the year 1904. The declaration alleges the election and qualification of Parker as town collector, the execution, approval and filing of the bond, which is set out *in haec verba*, the collection of the taxes

by Parker for the year 1904, his settlement with the county clerk, and refusal to pay into the town treasury the excess of his commissions over $1,500. The defendants pleaded *non est factum.* On this issue alone the cause was tried by the court without a jury. The court found for the plaintiff and gave judgment for the penalty of the bond as debt and for $1,045.52 damages. Defendants appealed. Before entering upon the trial the authority of Levi Davis, attorney for the plaintiff, to bring and prosecute the suit was challenged by motion to dismiss, first made by John Elble, supervisor of the town of Alton, but not a party of record, and then by the defendants. These motions were both denied and exceptions preserved. This action was brought pursuant of a resolution passed at the regular annual meeting of the town of Alton, held April 4, 1905, and is as follows:

"Whereas a number of collectors of the town of Alton have each collected and failed to pay into the town treasury of said town as excess over $1,500.00 of commissions on taxes collected by them respectively and whereas such excess ought to be collected from said collectors, and paid into the town treasury. Therefore be it resolved, that Levi Davis, attorney-at-law, of Alton, Illinois, be, and he is hereby employed and authorized to collect such excess from such collectors respectively, including also the collector of said town for the year 1904, and for that purpose to institute and prosecute on behalf of the town of Alton the necessary actions and suits on the official bonds of said collectors and that he be paid for his services one-third of what he shall succeed in collecting, and nothing in any case where he shall fail to collect."

In support of the assignment that the trial court erred in denial of the motions to dismiss the suit, it is argued by appellants' counsel that the meeting at which the above resolution was passed, was not a legally organized and constituted annual town meeting within the requirements of the statute and therefore that the resolution is a nullity and the suit brought without authority. Upon examination of the clerk's record of the said meeting, we are of opinion that appellants' contentions respecting the legality of the meet-

ing and of the resolution which was passed, are untenable and wholly without merit. Regularity in the organization and action of the town meeting may be questioned only by a direct proceeding instituted for that purpose. Where it appears from the clerk's record, as in this case, that a meeting was held on the day fixed by the statute, that a moderator-elect presided and that the resolution was read and adopted, the presumption will prevail, in a collateral attack, against all the objections here made by appellant. It will be presumed the meeting was held at two o'clock, that the resolution was carried by a majority of the electors present and voting, and that the result of the votes was duly declared by the moderator. Whether Ferguson, the moderator, was or was not duly sworn, will not affect the legality of the meeting. He was moderator *de facto* and, as already stated, his authority may not be questioned in a collateral proceeding. The resolution is sufficiently broad and specific to authorize the suit, and Davis, the attorney, was and is acting quite within the letter, purpose and intent of the commission and authority given by the town meeting. The motions to dismiss the suit were properly denied. The contract made by the resolution and Davis' acceptance of the service is not champertous, and if it were, it would not avail the appellants as a matter in support of the motion to dismiss or in defense of the action.

Objection was made to the testimony of witnesses respecting the contents of the collectors' books, it being insisted that the books were the best evidence. The evidence, without the testimony of these witnesses, was amply sufficient to warrant the finding and judgment.

The judgment will therefore be affirmed.

*Affirmed.*