## Green Parker et al. v. The People, for use of Town of Alton.

1. NOTICE—*when objection to form and manner of service of, cannot be availed of.* One who has appeared without limiting his appearance and who has made motions in a cause, cannot avail of the alleged insufficiency of a notice or the manner of the service thereof.

2. TOWN MEETING—*when electors present at, cannot authorize satisfaction of judgment.* Electors present at a town meeting cannot authorize the satisfaction of a judgment for taxes upon the payment of a sum less than the entire amount of the judgment.

Action of debt. Appeal from the Circuit Court of Madison County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

B. H. CANBY and B. J. O'NEILL, for appellants.

LEVI DAVIS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an appeal from an order of the Circuit Court of Madison county, sustaining a motion made on behalf of appellee, to redocket this cause and set aside an entry on the record of a judgment therein, in the Circuit Court, purporting to be an acknowledgment of the satisfaction of said judgment by appellee. There is no controversy as to the facts in said case which were set forth substantially in appellee's motion.

Appellant, Green Parker, was collector of taxes for the town of Alton for the year 1904, and gave a bond as such collector with the other appellants as sureties. In making his settlement be retained for his services two per cent of the entire amount collected, which was $1,045.52 in excess of the compensation of $1,500 to which he was legally entitled.

At the town meeting of 1905 Levi Davis was employed as attorney by the town to prosecute suits against certain per-

Parker v. The People.

sons in the name of the town, among them being a suit against appellants to recover the amount retained by appellant Parker, as collector, in excess of his legal compensation. Suit was brought on the bond to the May term, 1905, of the Circuit Court. Several pleas were filed by appellants, but a demurrer was sustained to all except the plea of *non est factum*, on which issue was joined. Judgment was recovered by appellee for $1,045.52 and costs against all the appellants and an appeal taken by them to this court, which affirmed the judgment of the trial court. (126 Ill. App., 538.) The case was then appealed to the Supreme Court, by appellants, where it was still pending on April 3, 1906. On that date a town meeting was held by the electors of the town of Alton and resolutions passed, setting forth that a number of suits were pending in the Circuit Court of Madison county and one in the Supreme Court of the State, against former collectors for commissions claimed to have been retained in excess of the amount allowed by law; that such claims were of doubtful nature and such suits were commenced without any proper authority from the town of Alton. The resolutions authorized and instructed the supervisor of said town to cause the Circuit Court to enter a judgment in favor of the defendants in the cases named as pending in said court; and also authorized and instructed the supervisor upon the payment to him of $25, by Green Parker, to execute a receipt from the town of Alton to him in full settlement of all claims which the town then had or ever had against him for excess commissions as town collector, and to enter satisfaction on the judgment record of said Circuit Court in the case of the People of the State of Illinois, for the use of the town of Alton, against Green Parker *et al.* The resolutions also declared that the former resolutions passed at the annual town meeting of the town of Alton on the 4th of April, 1905, authorizing said suits to be brought against former collectors of the town of Alton, be revoked, set aside and declared null and void, because no notice was given of the time and place of holding such meeting, as required by law. It was further resolved that Green Parker, or his attorney, be authorized to

present a certified copy of the resolutions and the receipt of said town for said sum of money paid its supervisor, to the Supreme Court and cause the court to enter an order dismissing appellants' appeal pending in .said court. Pursuant to these resolutions Parker paid $25 to the supervisor, who gave a receipt in full and entered satisfaction of the judgment on the judgment record. Parker also went before the Supreme Court with his receipt, and a copy of said resolutions, and upon motion, entered on behalf of appellants, caused the appeal to be dismissed in that court. Thereafter, at the May term, 1906, of the Circuit Court of Madison county, Levi Davis, as attorney for appellee, filed a written motion in the name of the town, against all the appellants, asking the court to redocket said cause and set aside the entry on the record of the judgment in said cause, made on April 4, 1906, signed by the supervisor of said town and purporting to be an acknowledgment of satisfaction of said judgment by said town. All of the appellants, except said Parker, joined in a motion to strike appellee's motion from the files, alleging that Levi Davis had no authority to make such motion and did not represent the town of Alton, because the pretended resolution of said town passed on the 4th day of April, 1905, under which he claimed authority to represent the town as its attorney, was revoked, set aside and declared null and void, by the town meeting of April 3, 1906; that by virtue of the resolution passed by the town meeting on the date last named, the supervisor was vested with authority to take charge of and dispose of said cause; that said Parker had settled with the town by paying to its supervisor the sum of money named in the resolution last referred to and taken the receipt of said town in full settlement of all claims of said town against him for commissions, and the town had satisfied the judgment of the Circuit Court against him and his sureties; that the town having received from said Parker the sum of money provided for by said resolution and having satisfied said judgment and agreed to the dismissal of the appeal of appellants, pending in the Supreme Court, was es-

topped to make the motion until it had placed appellants -in *statu quo.*

Upon the hearing the trial court overruled appellants' motion to strike appellee's motion from the files, allowed appellee's motion to redocket the cause and set aside and cancel the satisfaction of said judgment, wherein a judgment for $1,045.52 and costs was rendered against appellants.

Appellants assert that no such notice of the motion, as required by law, was served on Green Parker, the principal defendant who joins in this appeal, but who did not join the other appellants in their motion to strike the motion of appellee from the files, in the court below. It appeared from the evidence that notice of the filing of the motion and of the time when it would be heard and also a second notice, showing that the hearing of the motion had been continued to another date, were mailed by Levi Davis in registered letter, at Alton, Illinois, on April 26, 1906, addressed to Green Parker at Wichita Falls, Texas, and a receipt for said letter from the postmaster at Wichita Falls, signed by Green Parker and returned to Levi Davis, was introduced in evidence.

It is said by appellants there is no evidence that the Green Parker purporting to have signed said receipt is the defendant in the judgment in question, or that he was at Wichita Falls, Texas, at the time named. Levi Davis swore that he received the receipt and that it was signed by Green Parker. Appellants, other than Green Parker, are not in position to raise the question here that Green Parker was not properly served with notice as they took part in the hearing below, by the introduction of evidence and otherwise and did not raise the question there, nor does appellant Green Parker himself appear to us to be in position to raise that question in this court. The order of the court below sustaining the motion of appellee, contained the statement that the defendants, by their attorneys, excepted to the ruling of the court and jointly and severally prayed an appeal to the Appellate Court. Appellant Parker, who was present by his attorneys at the time the order was entered, did not see fit to enter a limited appearance and raise the question of notice upon him at that

time, as he could have done, but permitted the order to go against him with the other defendants, joined them in their prayer for an appeal and afterwards executed the appeal bond with them. Under such circumstances he cannot avail himself of any claimed insufficiency in the form of the notice or its service.

When the original suit in which the motion now under consideration was filed, was before us on a former occasion, we sustained the judgment against appellants, obtained by the town of Alton for $1,045.52, excess commissions retained by Parker, and held that the suit was commenced with proper authority from said town. Parker v. The People, 126 Ill. App., 538.

The appeal taken by the present appellants from the judgment of this court to the Supreme Court, was dismissed by appellants. So far as this court is concerned therefore, the question of the right of appellee to recover the excess fees, and the authority to bring the suit, is determined in favor of appellee, and the only question remaining for our consideration is whether the town meeting of the town of Alton held April 3, 1906, had authority to authorize the supervisor to enter satisfaction of the judgment against appellants in the Circuit Court, for $1,045.52, upon the payment to him by Parker of $25. It is insisted by appellants, that the claim against them was a doubtful one, that it had not been fully determined, as the appeal was still pending in the Supreme Court, and that the action of the electors at the town meeting in 1906 in ordering the judgment to be satisfied, upon the payment of $25, was in the nature of a compromise. We are of opinion that the claim was not a doubtful one; that the money sought to be given appellant Parker, by the electors present at the meeting, being a portion of the taxes collected by Parker, had not lost its quality as taxes and the action of the electors in attempting to divert a portion of the public taxes from the uses for which it was collected and to pay it over to Parker, for a purpose not authorized by law, was *ultra vires*. The electors at the town meeting had no right to give away the public tax money of the town. Whit-

lot v. Trustees of Schools, 191 Ill., 457; Cumberland Co. v. Edwards, 76 Ill., 544.

The provision of the statute is that the excess commissions and fees be paid into the town treasury, and there is no law authorizing the electors at a town meeting to waive the provisions of the statute in that regard. Another important consideration in the case, is the fact that the money which is sought to be paid over to Parker, belongs to the general tax fund and as such was subject to division among the State, county, school and township funds, as the other moneys of that fund. Even if the electors of the town could legally pay over to Parker the moneys collected for their town, for the purposes contemplated by their resolution, yet in no event did they have authority to pay to him the moneys belonging to the State, county or school funds. For the reasons indicated the judgment of the trial court will be affirmed.

*Affirmed.*