THE BOARD OF SUPERVISORS OF CUMBERLAND COUNTY

*v.*

ANDREW J. EDWARDS.

1. COUNTY—*error to award execution against.* It is palpable error and in the teeth of the statute to award an execution against a county for the costs of suit.

2. FEES AND COMMISSIONS—*county collectors and treasurers for* 1871. Under the laws in force in 1871, county collectors and treasurers were

entitled to receive, as commissions, one per cent for receiving the county and town tax, and the same for paying it out, but nothing for paying it over to his successors, five per cent on all moneys collected under $8000, and three per cent on all additional sums collected by him, and county treasurers one per cent on all moneys, county orders and jury certificates received by them for county purposes, and the like per cent on all moneys paid out by them, except to their successors.

3. SAME—*for taxes of* 1872 *under act of* 1872. Under the act of 1872, county collectors in counties of the first class were entitled to receive as commissions three per cent on all moneys collected by them and paid over to the proper officers, one and a half per cent on moneys collected by township collectors and paid over to them, and one per cent for paying out the same as county treasurers.

4. BOARD OF SUPERVISORS—*power to estop county by allowing illegal fees.* A county is not estopped by the board of supervisors passing upon and approving a collector's account, containing charges for illegal fees. The board are powerless to allow as fees or commissions more than the sum fixed by law, and such allowance binds no one.

APPEAL from the Circuit Court of Cumberland county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of assumpsit by the board of supervisors of Cumberland county, against Andrew J. Edwards, to recover money in the hands of defendant, which came to his hands as county treasurer and collector for the years 1871 and 1872.

Mr. H. B. DECIUS, and Mr. A. J. LEE, for the appellant.

Messrs. BREWER & WARNER, and Messrs. LOGAN & SCRANTON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The judgment in this case was against the county for costs, and in the teeth of the statute awards execution against the county. This is palpable error, caused by carelessness or inattention of the clerk.

But the principal question presented by this record is, whether the evidence sustains the verdict, and whether or not

the finding is not contrary to law. To determine this, it is proper that we should refer to the provisions of the statute allowing the treasurer commissions for receiving and disbursing the funds of the county, as it is upon the charges made by appellee therefor that this controversy arises. The services performed by appellee in collecting the taxes of 1871 were under the revenue laws of 1861, and his compensation was fixed by sec. 10, p. 140, and sec. 72, p. 88, of Laws of 1853. These acts fix the ·compensation of the collectors or treasurers of counties. The act of 1853 provides that the collector shall receive five per cent on all moneys collected under $8000, and three per cent on all additional sums collected by him, and county treasurers one per cent on all moneys, county orders and jury certificates received by them for county purposes, and one per cent on all moneys paid out by them, but no compensation for paying moneys over to their successors.

The 10th sec. of art. 15, Laws 1861, provides that county ·collectors or treasurers shall be allowed one per cent for receiving the county and town tax, and one per cent for paying out the same, but shall be allowed nothing for paying over to his successor. These enactments are believed to be all that relate to the commissions for the taxes for the year 1871, and by their provisions the compensation of appellee must be determined.

The report of appellee to the board of supervisors shows that he allowed the township collectors to retain as their commissions $335.18, from which it would appear that he received from them near $11,173. That amount taken from the full amount he reported as collected, $13,951.40, would show that he collected about $2778, on which he was entitled to retain approximately $290.16, and yet he retained, as appears from his report to the board, $539.60. He was allowed to retain five per cent on the amount he collected, one per cent on the amount he received from township collectors, and one per cent for all moneys paid out; and on the supposition he paid

out all that came to his hands, he retained nearly, if not exactly $149.44 more than he was entitled to under the law then in force.

As to the tax of 1872, he was allowed commissions, by the act of 1872, entitled Fees and Salaries, p. 437, sec. 21. It provides that county collectors shall be allowed a commission on all moneys collected by them and paid over to the proper officer, three per cent in counties of the first class, and on moneys paid over to them by township collectors, one and a half per cent in counties of the first class.

Appellee collected, as shown by his report, from all sources and which came into his hands, the amount of $15,843.62. Of that sum, he received of township collectors $12,292, leaving $3551.62, which he collected. If, then, this was a county of the first class, and counsel seem to so treat it, appellee was allowed, under the law of 1872, to retain on the money received from township treasurers one and one-half per cent, which would amount to, say $184.38, and three per cent on the amount he collected, say $106.54, making a sum of $290.92, and if we add to that one per cent under the previous law for paying out all that came to his hands, being $158.43, he would have, as his commissions, a total of $449.43. But he charged and received a credit of $634.24, being $184.71 in excess of his commissions on the revenue of the county for the year 1872, being for both years $334.15 in excess of his legal commissions. This is the amount that would seem to be still in his hands to which the county is entitled, if there is no error in the calculation. We have not looked into the evidence in reference to what is claimed to be an error as to back taxes, as a jury can determine that question on another trial.

The county is not estopped by the board of supervisors passing and approving an account containing charges of illegal fees. They are powerless to allow as fees or commissions more than the sum fixed by law, and an inspection of appellee's report shows that such charges were made and

allowed to appellee. The error appearing on the face of the report, no other evidence is necessary to prove the overcharge. Nor do we see any evidence in the record to prove, or that tends to prove, any credits to which appellee is entitled, which he has not received, in his reports, by which the settlements were made. Allowing all the credits claimed in his report, and there is no evidence of any others, the county is entitled to recover the commissions retained in excess of what the law gave to him.

The verdict is manifestly against both the evidence and the instructions, and the court below erred in not granting a new trial, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*