Isaac Wood, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

Where an interpretation has been given to a statute by this court, in aid of which certain facts, admitted or proved in the action, were considered, it is not necessary for a party in another action, relying upon the interpretation so given, to prove the same facts ; but it is incumbent upon

the opposite party to show that those facts did not exist, assuming that they were decisive in the determination, before he can call upon the court to reverse its decision.

In an action against a municipal corporation to recover the salary of a municipal officer, brought by an assignee, a claim against the officer for moneys of the corporation unlawfully paid to and received by him is a proper set-off.

The act of 1875 (chap. 49, Laws of 1875) authorizing actions to be brought by and in the name of the people of the State to recover back moneys, unlawfully obtained, belonging to a municipal corporation, does not deprive a municipality of the right to set-off in an action against it a claim against the plaintiff, although it may arise out of a transaction which might under said act be the subject of a suit in behalf of the people.

(Argued April 22, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant, entered upon a verdict.

This action was brought by plaintiff, as assignee of Thomas C. Fields, to recover a balance alleged to be due and unpaid upon the salary of said Fields as corporation attorney.

Defendant pleaded, as a set-off, an indebtedness of said Fields to the city for moneys alleged to have been unlawfully received by him belonging to the city, which moneys were alleged to have been unlawfully paid over to him by the comptroller of the city, claiming to act under authority of the provisions of the tax levies of 1869 and 1870 (Laws of 1869, chap. 876, § 7; Laws of 1870, chap. 383), in relation to the payment of claims of certain fire companies known as "suburban companies." The moneys so paid were the same, to recover which, an action was brought by *The People* v. *Fields*, which is reported in 58 N. Y., 491. It appeared that there was paid over to Fields, on the order or warrant of the comptroller, on June 30, 1870, the sum of $459,977.79.

Further facts appear in the opinion.

*Granville P. Hawes*, for appellant. The claim of defendant never constituted a valid cause of action in its favor, and

was not a proper set-off. (*People* v. *Fields*, 58 N. Y., 491, 509, 514; *People* v *Ingersoll*, 58 id., 21.)

*Wheeler H. Peckham*, for respondent. The cause of action pleaded by defendant constituted a good set-off against plaintiff's demand. (*People* v. *Fields*, 58 N. Y., 491, 497, 504–506; *Harway* v. *Mayor, etc.*, 1 Hun, 629; *Andrews* v. *Artisan's Bk.*, 26 N. Y., 298.)

ANDREWS, J. The principal questions in this case were determined in *The People* v. *Fields* (58 N. Y., 491).

The court decided in that case that the payment by the Comptroller, to Fields, made on the 30th day of June, 1870, was unauthorized and illegal, and that a right of action accrued to the city against Fields, to recover back the money so paid to him.

The conclusion that the payment was illegal proceeded upon a construction of the acts of 1869 and 1870, aided by a consideration of the relation of the suburban fire companies, so called, to the city, and the fact that the members had no legal claim to compensation for their services. The decision was made after careful examination and consideration, and is adhered to. It was unnecessary in this case for the defendant to show the facts proved or admitted in the case of *The People* v. *Fields*, and considered in aid of the interpretation there given to the statutes by this court. The court having determined that the statutes did not authorize the payment made by the comptroller, it was incumbent upon the plaintiff here to show that the facts considered by the court in *The People* v. *Fields* did not exist, assuming that these facts were decisive in the determination made, before he can call upon the court to reverse its decision. This is a sufficient answer to the position of counsel that it does not now appear that there was no legal claim in favor of the members of the suburban companies to compensation for their services, and that no inference can be drawn that the sum authorized to be paid under the act of

1869 was a gratuity. Moreover, no suggestion was made on the trial of any distinction on this point between the cases, but it was assumed that the suburban companies were organized under the arrangement stated in the answer.

The facts proved established a liability against Fields to the city for money had and received. The money was paid to and received by him, without authority, and the law implies a promise to repay it. (*Coleman* v. *People*, 58 N. Y., 555–557; *Andrews* v. *Artisans' Bk.*, 26 id., 298.) The decision in 58 N. Y. also disposes of the point that Fields was not liable, having received the money as attorney for the firemen.

The claim against Fields was a proper set-off in the action. The act chapter 49, Laws of 1875, does not deprive a municipality of the right when sued to set-off a claim against the plaintiff, although it may arise out of a transaction which might be the subject of a suit in behalf of the people. The act gives a right of action to the State, in certain cases, but it does not deprive a municipality of a right to bring an action in the courts of this State to recover its funds or property unlawfully diverted, although proceedings on its behalf may be stayed under the provision of the second section. It does not appear that an action has been brought by the State against Fields under the act of 1875, or that any proceedings have been taken in the original action since the reversal of the judgment in the 58th New York. Under the circumstances of this case, we think the right of set-off existed, notwithstanding the statute of 1875.

We find no error in the judgment, and it should be affirmed.

All concur, except CHURCH, Ch. J., absent.

Judgment affirmed.