### WINNEBAGO COUNTY STATE BANK v. OLE P. HUSTEL, Appellant.

Promissory Note:   SURETIES:   DRAWER:   WAIVER OF DEFENSES.
1   Where a note signed by sureties recited that the "drawers"
and indorsers waived all defenses on the ground of "any" ex-
tension of time of payment, the word "drawers" did not ap-
ply to either the payee or indorsers but should be construed as
designating the original promisor and sureties.

Same:   EXTENSION OF PAYMENT:   WAIVER OF DEFENSES.   The word
2   "any" before "extension", in relation to an extension of the
time of payment of a note, is equivalent to "every", and the
provision is a waiver of defenses in case of more than one ex-
tension.

*Appeal from Winnebago District Court.*—HON. C. P.
SMITH, Judge.

FRIDAY, JANUARY 23, 1903.

JUDGMENT was entered on a promissory note, which defendant signed as surety, and he appeals.—*Affirmed.*

*Andrew Miller* for appellant.

*Butler & Hatch* for appellee.

LADD, J.—After providing for attorney's fees, and that "the maker or makers, and the indorser thereof," consent to a jurisdiction of a justice of the peace, the note sued on stipulated that "the drawers and indorsers severally waive presentment for payment, protest, and

1. SURETIES: drawer: waiver of defenses.

notice of protest, and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them, or either of them." The facts were such that, but for this condition in the note, defendant would have been released from liability. Two questions are argued: (1) Did this constitute a waiver on the part of the surety of the defense of extension of time of payment without his consent? and (2) if so, did such waiver apply to more than one extension? The word "drawer" has a well defined meaning in law as one who draws a bill of exchange or other order for the payment of money, and could not have been used in its technical sense in this note. True, as argued by appellant, there is an analogy between the parties to an accepted bill of exchange and those to a promissory note after the payee, by indorsing it, has introduced a third party, the endorsee. It thereby, in effect, becomes an order from the payee upon the maker for the payment of the money to the indorsee; and such payee, who is then an indorser, is in a situation like unto that of a drawer of the bill of exchange,—the maker that of the acceptor, and the indorsee that of the payee, —and the decisions bearing on each may be applied *mutatis mutandis* to the other. See 4 Am. & Eng. Enc. Law (2d Ed.) 79; *Bank v. Woodward*, 18 Johns. 324; *Heylyn v. Adamson*, 2 Burrow, 669.

But we have discovered no authority in which "drawer" and "payee" are treated as synonymous terms. If by "drawers" the payee, when becoming an indorser, was intended, the use of that word in the note added nothing to its meaning, as he would have been included without it in the word "indorsers," as found in the waiver. In construing the language of an instrument, words which may reasonably be so interpreted as to aid in expressing the thought of the parties ought not to be rejected as surplusage. Moreover, when not made use of in a technical sense, they are to be construed according to the context and the approved usage of the language, and not necessarily to be given the meaning of other words nearest like them. Section 48, Code; *City of Decorah v. Kesselmeier*, 45 Iowa, 166; *Willmering v. McGaughey*, 30 Iowa, 205. To hold that by "drawers" was intended the "payee" in event of an indorsement would be, as observed by the trial judge, to substitute a legal anology for the language of the parties.

To what, then, did "drawers" refer? To draw has several well-understood meanings, but, as applied to a written instrument, but one, and that, according to Webster, is "to write in due form, to prepare a draught of; as to draw a memorial, a deed, or bill of exchange." To "draw up" is "to compose in due form, to draught, to form in writing." This is the meaning generally given by the lexicographers. *Hawkins v. State*, 28 Fla. 367 (9 South. Rep. 653). A drawer may be said then to be one who draws such an instrument, and from this circumstance sprung the use of the word in connection with bills of exchange. Ordinarily, the term "drawer" is not employed in connection with parties to a promissory note. Here, however, some one must have been intended, and as the description does not apply to the payees or indorsers, and does point with some degree of certainty to the makers, it should be construed as referring to the latter. The language is susceptible to this interpretation, and, rather

than reject the word as surplusage, we think that mentioned should be adopted. "Makers" and "drawers" are evidently employed in the note as synonymous terms, and should be treated as such.

II. There is nothing in the contention that but one extension of time was intended. The use of "any" before "extension" indicates that any one of an indefinite number was intended. *Dubuque County v. Dubuque & Pacific R. Co.*, 4 Greene, 4. If so, then more than one extension might be allowed, and the defenses to each were waived. In the connection found the word is analogous to "every." *Hanson v. Eichstaedt*, 69 Wis. 538 (35 N. W. Rep. 30;) *Heyler v. City of Watertown*, (S. D.) 91 N. W. Rep. 334; 2 Cycl. P. & L. 472, and cases collected. In *Bank v. Click*, 64 N. H. 410 (13 Atl. Rep. 872), relied on by appellant, the language construed was, "All the signers agree to be holders should the time of payment be extended," and the court held that but one extension was intended. The case is authority for a like conclusion had "any" in this note been omitted. —AFFIRMED.

2. SAME: extension of payment: waiver of defense.