[L. A. No. 3112.   In Bank.—August 19, 1913.]

## OTT HARDWARE COMPANY (a Corporation), Appellant, v. ALFRED DAVIS, as City Clerk and City Auditor of the City of Santa Barbara (a Municipal Corporation), Respondent.

MUNICIPAL CORPORATIONS—GARNISHMENT OF MONEY OWING BY CITY—PURPOSE AND CONSTRUCTION OF STATUTE.—The purpose of section 710 of the Code of Civil Procedure is to afford a means whereby money due from a municipal corporation to the debtor of another can be reached by his creditor and subjected to the payment of his claim, and is to be liberally construed with a view to effect its object.

ID.—CITY OF SANTA BARBARA—TRANSCRIPT OF JUDGMENT TO BE FILED WITH AUDITOR.—The city of Santa Barbara has an auditor, whose duties are prescribed by its charter (Stats. 1899, p. 463), and that official, and not the mayor, is the one with whom a judgment creditor of a person to whom the city was indebted should file the papers required by section 710 of the Code of Civil Procedure, as notice of his demand, and upon whom the demand for the delivery of the warrant should be made.

ID.—MAYOR NOT AUDITOR OR SIMILAR OFFICIAL.—The fact that the mayor of that city was by its charter required to sign all warrants on the city treasurer did not constitute him auditor, nor, since there was an auditor, could he be an "official whose duty corresponds to that of auditor," within the meaning of section 710 of the Code of Civil Procedure.

ID.—DUTY OF AUDITOR TO DRAW WARRANT—REFUSAL OF PAYMENT.—It became the duty of the auditor, under that section, upon the filing of the requisite papers with him by such judgment creditor, and demand made therefor, to draw and deliver to him a warrant, and he cannot legally refuse to do so, because when duly executed and presented the proper disbursing officer of the city will refuse to pay it.

ID.—MONEY DUE ON JUDGMENT AGAINST CITY—EXECUTORY AGREEMENT FOR PAYMENT OF PROCEEDS—PRIORITY OF RIGHTS OF CREDITOR UNDER GARNISHMENT.—An executory agreement between a judgment creditor of a municipality and his attorneys that all moneys recovered upon the judgment should, when collected, be paid to them, and by them applied in payment of certain specified liabilities of such judgment creditor, did not operate as an assignment of the judgment, or the fruits thereof; and a judgment creditor of such judgment creditor, who files a transcript of his judgment with the auditor, as required by section 710 of the Code of Civil Procedure, before the

municipality pays the money due on the judgment against it, acquires a prior right thereto as against the claim of such attorneys.

ID.—UNAUTHORIZED PAYMENT BY CITY—IMPLIED PROMISE TO REFUND.— A payment by the municipality to such attorneys of the amount so owing by it, made after the filing of the transcript of such judgment with the auditor, was unauthorized, and a promise was implied on the part of the payees to refund the sum received, which the city could enforce by action.

APPEAL from a judgment of the Superior Court of Santa Barbara County. E. P. Unangst, Judge presiding.

The facts are stated in the opinion. of the court.

L. H. Roseberry, and B. F. Thomas, for Appellant.

Canfield & Starbuck, for Respondent.

THE COURT.—This appeal was originally heard in the district court of appeal for the second appellate district. The justices of that court being unable to agree upon a decision, the cause was transferred to this court.

Our consideration of the record and the arguments advanced has convinced us of the soundness of the views expressed in the opinion of Shaw, J., concurred in by Allen, P. J., and we hereby adopt said opinion.

The opinion reads as follows:

"This was a proceeding the purpose of which was to obtain a writ of mandate commanding defendant, as auditor of the city of Santa Barbara, to draw a warrant upon the city treasurer in favor of plaintiff.

"The court gave judgment for defendant, from which plaintiff appeals upon the judgment-roll.

"The action was based upon proceedings had and taken pursuant to the provisions of section 710 of the Code of Civil Procedure, for the purpose of having certain moneys alleged to be due from the city of Santa Barbara to one W. W. Clark applied in payment of a judgment obtained by plaintiff against said Clark. Section 710 of the Code of Civil Procedure, provides: 'The duly authenticated transcript of a judgment, for money, against a defendant, rendered by any court of this state may be filed with . . . the auditor of any

. . . city . . . from which money is owing to the judgment debtor in such action (and in case there be no auditor then with the official whose duty corresponds to that of auditor), whereupon it shall be the duty of any such official, or of such public officer with whom such transcript shall have been filed, to draw his warrant in favor of or to pay into the court from the docket of which the transcript was taken, as much of the money, if sufficient there be, over which such . . . city . . . of which he is an official, or over which said public officer has control and custody and which belongs to or is owing to the judgment debtor in the cause designated in said transcript as will cancel said judgment.' It appears from the findings that on May 25, 1908, plaintiff obtained a judgment against said Clark in the superior court of Santa Barbara County; that thereafter, on December 7, 1909, said superior court in an action wherein Clark and others were plaintiffs and the city of Santa Barbara, Robert Beyrle, and Title Guaranty & Surety Company were defendants, rendered a judgment in favor of Clark and against Beyrle for the sum of $705.26, which sum the defendant city of Santa Barbara was by said judgment ordered and directed to pay to Clark, or his attorneys, out of a larger amount then due from the city to Robert Beyrle, demand for which had been duly audited and allowed, as required by the charter of the city. That on the day after the rendition of said last mentioned judgment, to wit: on the eighth day of December, 1909, plaintiff served upon defendant herein and filed with him, as auditor of the city of Santa Barbara, a transcript of the judgment so obtained by plaintiff against Clark on May 25, 1908, which transcript was in the form prescribed by section 710 of the Code of Civil Procedure, authenticated as therein required, and accompanied by the affidavit required by said section and the payment of the filing fees thereby required to be paid, and plaintiff thereupon demanded a warrant from defendant, as such city auditor, on the city treasurer of said city in the sum of $705.26, pursuant to the provisions of section 710, but defendant refused to deliver to plaintiff said warrant, or any warrant for any sum whatsoever; that at the time of the service and filing of said papers with defendant he was the auditor of said city, and as such auditor charged by the charter thereof with the duty of keeping a record of all demands against the

city and to draw warrants on the city treasurer therefor after such demands were allowed by the city council, and countersign the same after they were signed by the mayor; that no transcript of the judgment was served upon or filed with the mayor of the city of Santa Barbara; that on December 22, 1909, a copy of the judgment so obtained by Clark against said Beyrle and the city of Santa Barbara was served upon defendant and presented to the city council of the city of Santa Barbara, together with a demand in writing for the payment thereof to Clark, or to Canfield & Starbuck, his attorneys, which demand, after being approved by the city council, was presented to defendant in this proceeding, who thereupon drew a warrant therefor upon the city treasurer of said city of Santa Barbara, payable to Canfield & Starbuck, which warrant was signed by the mayor and countersigned by defendant as city clerk, delivered to said Canfield & Starbuck, and, upon presentation, duly paid by the city treasurer to said attorneys of said Clark. That prior to the institution of this proceeding the balance of the amount due from the city of Santa Barbara to said Robert Beyrle had been paid by said city, since which time there had been no money due from the city to said Beyrle or said Clark; that prior to the commencement of the action wherein Clark and others were plaintiffs and the city of Santa Barbara and Beyrle were defendants, said Clark had agreed with Canfield & Starbuck that any and all moneys recovered by him in said action should be paid to Canfield & Starbuck and by them applied 'to the payment of the fees and disbursements of said Canfield & Starbuck accruing' in certain specified litigation, wherein Clark was a party, and that the amount specified in the warrant so received by them had been wholly applied in the payment of such fees and disbursements.

"The purpose of enacting the statute was to afford a means whereby money due from a municipal corporation to the debtor of another could be reached by the creditor and subjected to the payment of his claim. Since the section in question is to be 'liberally construed with a view to effect its objects' (Code Civ. Proc., sec. 4), we are of the opinion that plaintiff is entitled to the issuance of the writ upon the finding as made. (*Ruperich* v. *Baehr*, 142 Cal. 190, [75 Pac. 782]; *Payne* v. *Baehr*, 153 Cal. 441, [95 Pac. 895].)

"Respondent insists that, inasmuch as the charter required all warrants to be signed by the mayor, and that until so signed a warrant could be of no avail, the transcript, affidavit and demand should, in order to be effective, have been served upon and filed with the mayor, instead of with the auditor. We are unable to perceive any merit in this contention. It is conceded that the city had an auditor (Stats. 1899, p. 452), whose duties were prescribed by the charter (Stats. 1899, pp. 463, 464), and that defendant was the incumbent of the office. We are clearly of the opinion that he, and not the mayor, was the official designated in the statute with whom the papers should be filed, thus giving to the city notice of plaintiff's claim, and upon whom the demand for a delivery of the warrant should be made. The fact that the mayor was by the charter required to sign all warrants on the city treasurer did not constitute him auditor, nor, since there was an auditor, could he be an 'official whose duty corresponds to that of auditor.' Indeed, none of the duties of auditor, as prescribed by the charter, were imposed upon the mayor. The demand was for a sum adjudged by the court to be due to Clark, the judgment debtor of plaintiff, out of a larger sum which had been duly allowed to Robert Beyrle and which the city held in trust, and, hence, it was not a claim against the city subject to allowance before a warrant could be drawn therefor. The sole duty devolving upon the mayor was, after it had been drawn by the auditor, to sign the warrant upon presentation to him. Ordinarily such presentation is made by the auditor, but assuming that he was not required to present it, it was nevertheless his duty, since the claim had been allowed as stated, to comply with plaintiff's demand and draw,—that is, prepare and write out in due form as required by rule or ordinance governing his office in such matter— (*State Bank* v. *Hustel,* 119 Iowa, 115, [93 N. W. 70]), his warrant for the amount and deliver the same to plaintiff for presentation to the mayor, who, it must be presumed in the absence of any showing to the contrary, would perform the duty of signing the same. In case of his refusal so to do, an application for a proper writ would no doubt be entertained by the court.

"It is next claimed that the fund out of which plaintiff should have been paid had been exhausted, and hence the writ

would be unavailing if issued. It is unnecessary to consider whether the wrongful disbursement constitutes any defense herein. In any event, defendant cannot refuse to perform the duty enjoined upon him by law, namely: to draw and deliver the warrant to plaintiff, because, as he asserts, when duly executed and presented the proper disbursing officer of the city will refuse to pay it. Plaintiff is entitled to the warrant, and if the fund held by the city in trust, and out of which he should be paid, has been wrongfully diverted to other purposes, no doubt the city will provide means of meeting it. However, we are not concerned with the question of payment.

"It is next contended that, prior to filing the papers and making the demand, Clark, the judgment debtor, had agreed with his attorneys that all moneys recovered upon such judgment so obtained by him should, when collected, be paid to them and by them applied in payment of certain specified liabilities of Clark. The agreement was wholly executory, and, as against plaintiff, did not constitute an assignment of the judgment, or the fruits thereof. Plaintiff's right to the amount of the judgment attached upon the filing of the transcript with the auditor, and this was prior to Clark parting with title to the money, and before his attorneys had subjected the same to their possession; hence, plaintiff's right to the fund was paramount to any claim of the attorneys based upon such executory agreement. The judgment was in favor of Clark and directed the money to be paid to him or his attorneys. To give the section the construction contended for by defendant, and to hold that because the city has wrongfully disbursed the fund out of which the claim of plaintiff should be paid, or that a debtor can deprive his creditor of the right to have such fund applied to the payment of a just debt by an executory agreement such as is found to have been made here, would nullify the statute and render it wholly ineffectual for the purposes for which it was clearly intended."

A further suggestion may be added to what is said in the foregoing opinion regarding the second point urged by the respondent, viz., that the issuance of the writ would be unavailing for the reason that the fund out of which petitioner was entitled to be paid has been entirely exhausted. In our

judgment, the opinion quoted is correct in declaring that this is not a consideration affecting the rights of the parties in the proceeding before us. It cannot now be determined whether or not the city treasury will ever be able to meet a warrant, if one be issued to plaintiff. One way—we do not mean to suggest that it is the only way—in which the necessary funds might become available is through an action by the city to recover the amount improperly paid out after the plaintiff's rights had attached by the filing of a transcript of its judgment. The allowance of the claim of Canfield and Starbuck, and the payment to them, were, under the circumstances disclosed by the record, unauthorized, and the law implies a promise on the part of the payees to refund the sum thus received, and authorizes an action on such promise. (*Wood* v. *Mayor,* 73 N. Y. 556; *Board of Supervisors* v. *Ellis,* 59 N. Y. 620; *People* v. *Field,* 58 N. Y. 491; *Village etc.* v. *Fish,* 156 N. Y. 363, [50 N. E. 973]; *Cumberland Co.* v. *Edwards,* 76 Ill. 544; *McLean* v. *County of Montgomery,* 32 Ill. App. 131; *Adams* v. *Railway Co.,* 78 Miss. 887, [30 South. 58]; *Demarest* v. *Inhabitants,* 40 N. J. L. 604; *Wisconsin Central R. R. Co.* v. *United States,* 164 U. S. 190, [41 L. Ed. 399, 17 Sup. Ct. Rep. 45]; Page on Contracts, sec. 796.) The plaintiff is clearly entitled to insist upon the performance by the auditor of the duty imposed upon him by law, and its right to compel such performance should not be denied except upon a clear showing that the granting of the relief sought could not possibly accomplish any beneficial purpose.

The judgment is reversed.

Beatty, C. J., does not participate in the foregoing.

ANGELLOTTI, J., dissenting.—I dissent. I concur in the views expressed by Mr. Justice James of the district court of appeal in his opinion, as follows:

"I think that the judgment in this case should be affirmed. It is made to appear by the findings that prior to the commencement of this action all of the money owing by the city of Santa Barbara to Clark had been paid out upon demand filed and warrant issued in favor of said Clark. The filing with the city auditor of the transcript of judgment made in favor of the plaintiff imposed upon that officer, under the

provisions of section 710 of the Code of Civil Procedure, the ministerial duty of drawing a warrant for any money then owing by the city of Santa Barbara to Clark in favor of the court from which such transcript of judgment had come. As is said in the case of *Ruperich* v. *Baehr*, 142 Cal. 190, [75 Pac. 782], cited by Mr. Justice Shaw in his opinion, prior to the adoption of section 710 of the Code of Civil Procedure, municipal corporations were not subject to any of the statutory provisions relating to attachment or garnishment, and I am of the opinion that the added enactment must be given the effect only of prescribing a ministerial duty to be performed by an officer of the municipality, for the nonperformance of which no liability can accrue against the public corporation. If upon the giving of the notice to the auditor or equivalent officer, an assignment of title to the fund, equitable or otherwise, is to be considered as having been made, and that notice to the officer is notice to the municipality, then, of course, the conclusion reached by Mr. Justice Shaw must be the correct one. But in the view I take of the matter, the demand of the city's creditor is not to be deemed as having been assigned, nor is the city bound by the notice given to the auditor in such a way as to impose upon it responsibility for his willful or negligent act performed in the premises. It had been determined that Clark, plaintiff's judgment debtor, should be paid the money, and that the city council had regularly approved his demand as it' was required to do, and the treasurer of the city had made payment of it on a warrant regularly issued to him, signed and countersigned by the proper officials. Plaintiff had sought to intercept payment of the money by the filing of his transcript of judgment with the auditor, and the auditor, disregarding the law defining his duties in such a case, had refused to pay any heed to the claims of the plaintiff. If the plaintiff here, under such conditions, is entitled to the writ, as is decided by the majority opinion, then the city may be compelled to pay again a debt which it appears it has already regularly discharged. The act required to be performed by the auditor was a ministerial one affecting his official conduct alone, and for the benefit of private individuals and not the public. It was not such an act, ordinarily considered, at least, as would

make the municipality responsible for the nonperformance of it.''

If these views be correct, as I believe they are, I do not see how the *city* could maintain an action for the recovery of the money already paid to Canfield and Starbuck. The authorities cited in the majority opinion to sustain this view do not appear to me to be in point. The city has no interest whatever in the money, and is in no way bound by the acts of the auditor in the matter. It seems clear to me that the granting of the relief sought cannot possibly accomplish any beneficial purpose, and that if the auditor has improperly drawn his warrant with the result that plaintiff has been damaged, plaintiff's sole remedy is an action against the auditor for damages.

Henshaw, J., concurred.