[Civ. No. 2051.   Second Appellate District.—December 1, 1916.]

OTT HARDWARE COMPANY (a Corporation), Respondent, v. A. C. HOLMBERG, as City Clerk and City Auditor of the City of Santa Barbara (a Municipal Corporation), Appellant.

MUNICIPAL CORPORATIONS—GARNISHMENT OF MONEY OWING BY CITY—PAYMENT FROM GENERAL FUNDS.—The city clerk and auditor of a municipal corporation, upon the filing with such officer of a duly authenticated transcript of a judgment obtained against a person who had himself subsequent to such judgment obtained a judgment against a person to whom the municipality was indebted for work in constructing a tunnel, is not justified in refusing to issue his warrant payable from the general funds of the city, upon the ground that the effect of the filing of such transcript was to impound money due from the city to its creditor out of a separate or

particular fund, in the absence of any showing that such a fund had been created.

ID.—INDEBTEDNESS OF MUNICIPALITY—PAYMENT FROM SPECIFIED FUND. Where a municipal corporation by authority of law creates a particular fund with reference to which it contracts, any indebtedness arising upon such contract is only payable therefrom, but where the so-called fund is one created by the city for its own convenience and not by direction of law, the indebtedness is not payable from such specified fund, but is a general liability payable out of the general funds of the city, chargeable perhaps to a specified account.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and an order denying a motion to have another and different judgment entered upon the findings. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

B. F. Thomas, for Respondent.

SHAW, J.—These appeals, one from the judgment and the other from an order of court denying defendant's motion to vacate the judgment entered and render a different judgment upon the findings, were taken by Alfred Davis, as the then city clerk and auditor of the city of Santa Barbara, for whom, upon suggestion of his death, A. C. Holmberg, his successor in office, has, by orders made pursuant to rule XVI of the supreme court, [160 Cal. li, 119 Pac. xii], been substituted as appellant.

The facts upon which this proceeding for the issuance of a writ of mandate to be directed to the city clerk and auditor of the city of Santa Barbara is based are set forth in an opinion of the supreme court filed in the case of *Ott Hardware Co.* v. *Davis,* 165 Cal. 795, [134 Pac 973], wherein on a former appeal prosecuted by plaintiff the court reversed a judgment entered in favor of defendant. This appeal is from the judgment claimed by respondent to have been entered in accordance with the opinion of the supreme court upon the going down of the *remittitur,* whereas appellant, as grounds for a reversal, insists that, as rendered, it is contrary to the views contained in said opinion and not supported by the findings.

It appears from the findings that on May 25, 1908, plaintiff recovered judgment against one Warren W. Clark; that on December 7, 1909, said Warren W. Clark recovered judgment against one Robert Beyrle in the sum of $705.26, by the provisions of which said judgment the city of Santa Barbara, made a defendant in said action, was adjudged to pay the amount thereof to said Warren W. Clark, or to Canfield & Starbuck, his attorneys, "out of the amount due from said defendant city of Santa Barbara to said defendant Robert Beyrle for the construction in part of the section numbered sixteen (16) of the tunnel now or lately in course of construction for said defendant city of Santa Barbara through the Santa Ynez range of mountains"; that after the entry of said last-mentioned judgment in favor of Clark against Robert Beyrle, to be paid out of the moneys due from the city of Santa Barbara to the defendant in said action, and before any satisfaction thereof or compliance therewith by said city of Santa Barbara, to wit, on December 8, 1909, the plaintiff herein, Ott Hardware Company, served upon and filed with the city clerk and city auditor of Santa Barbara a duly authenticated transcript of said judgment so obtained by plaintiff against said Clark, wherein it was stated that said plaintiff desired to avail itself of the provisions of section 710 of the Code of Civil Procedure, and demanded from said city clerk and city auditor a warrant on the city treasurer for said sum of $705.26, pursuant to the provisions of said section 710, the delivery of which was refused; that after said action on the part of plaintiff and refusal by said city clerk and auditor to deliver the warrant to plaintiff as demanded, Canfield & Starbuck presented to the council of said city the demand in writing of Warren W. Clark for payment of said judgment so obtained against Beyrle and to be paid out of any indebtedness due from said city of Santa Barbara to said Beyrle, which said demand was approved by said city council and delivered to the city clerk and auditor, who thereupon drew his warrant for said sum upon the city treasurer of said city, payable to Canfield & Starbuck, "out of the water-works extension fund of the city," the amount of which said warrant was duly paid by said city treasurer, upon whom it was drawn, to said Canfield & Starbuck by whom, pursuant to an agreement with Clark, it was applied in liquidation of indebtedness due from Clark to his said attorneys.

The prayer of the complaint was that the auditor be commanded "to draw his warrant, properly signed and made out, in favor of or to pay into the superior court of the county of Santa Barbara, state of California, for the sum and in the sum of $705.26, . . . to be paid on and credited on said judgment in favor of the plaintiff herein and against said Warren W. Clark, . . . in the cause designated in said transcript of judgment filed with defendant on the eighth day of December, 1909, by plaintiff herein." The judgment from which this appeal is prosecuted, following the prayer of the complaint, ordered, adjudged, and decreed that defendant, as city clerk and city auditor, "draw his warrant as such city clerk and city auditor of said city, properly signed and made out, in favor of the superior court of the state of California in and for the county of Santa Barbara, state of California, for the sum of $705.26."

While counsel for appellant concede the findings considered with the law of the case as established by the decision of the supreme court in *Ott Hardware Co.* v. *Davis*, entitle plaintiff to the issuance of a warrant for the amount in controversy, they attack the judgment upon the ground that the effect of filing with the city auditor the transcript of the judgment obtained by plaintiff against Clark, was to impound money due from the city to Clark out of a separate or particular fund, to wit, "out of the amount due from said defendant city of Santa Barbara to said defendant Robert Beyrle for the construction in part of the section numbered sixteen (16) of the tunnel," instead of which, however, the judgment orders a warrant payable, not from the amount due Beyrle for the construction of said tunnel, but from the general funds of the city. This particular point received little or no consideration in the case of *Ott Hardware Co.* v. *Davis*, 165 Cal. 795, [134 Pac. 973], and we do not regard anything there said as determinative of the question. It is no doubt quite true that when a municipal corporation by authority of law creates a particular fund with reference to which it contracts, any indebtedness arising upon such contract is payable therefrom only. (Dillon on Municipal Corporations, sec. 860; *Lake* v. *Trustees of Williamsburgh*, 4 Denio (N. Y.), 520.) Where, however, the so-called fund is one created by the city for its own convenience and not by direction of law, it is not payable from such specified fund, but is a general

liability payable out of the general funds of the city, charge-able, perhaps, to a specified account.    As said in *Carter* v. *Tilghman,* 119 Cal. 104, [51 Pac. 34] : "As a matter of book-keeping, the board may keep as many accounts or funds as deemed necessary or convenient, but such a system of book-keeping in no way affects the rights of creditors."    In *Higgins* v. *City of San Diego,* 131 Cal. 294, [63 Pac. 470], it is said (quoting from the syllabus) : "The creditors of a city have the right to contract with reference to its entire revenue, except in so far as the charter expressly otherwise provides in the case of special funds, such as the school or library fund."    Section 76 of the charter of the city of Santa Barbara (Stats. 1899, p. 468), provides that "The council shall, before fixing the rate of the annual city tax, establish by ordinance separate funds representing the funded obligations of the city, if any, and the several departments requiring municipal expenditure, including a general fund, and the percentage of said levy shall be named for each fund, and the whole amount of taxes and revenue of the city apportioned accordingly."    As disclosed by the findings, there is nothing showing, or tending to show, the establishment of a separate fund consisting of indebtedness due from the city to Beyrle for the construction of the tunnel.    The effect of the judgment obtained by Clark against Beyrle for the sum of $705.26, which by its terms was made payable "out of the amount due from said defendant city of Santa Barbara to said defendant Robert Beyrle," was to impound the amount of money due from the city to Beyrle, to the rights of whom as to such fund Clark was subrogated, and in turn plaintiff subrogated to the rights of Clark.    As shown by the findings, the city, prior to the rendition of the Clark judgment, was indebted to Beyrle, which indebtedness we must presume, since there is nothing to the contrary disclosed, was payable, not from any special fund created pursuant to the charter provision, but from the general funds of the city.    By the judgment obtained by Clark against Beyrle and the city, the amount adjudged therein to be due from him to Beyrle was ordered to be paid to him by the city out of indebtedness due from it to Beyrle.    The effect of such adjudication was not to create a special fund.    On the former appeal respondent argued that the issuance of the writ would be unavailing, for the reason that, as shown by the findings, the fund out of

which petitioner was entitled to be paid was entirely exhausted, in response to which it was there said: ''This is not a consideration affecting the rights of the parties in the proceeding before us.'' There is nothing in the opinion determinative of the question as to whether or not the indebtedness due from the city to Beyrle constituted a separate fund created under authority of law, as distinguished from a mere matter of bookkeeping. The foregoing is not only determinative of the appeal from the judgment, but likewise determines the appeal from the order of court denying appellant's motion to have another and different judgment entered upon the findings.

The judgment and order are affirmed.

Conrey, P. J., concurred.

JAMES, J., Concurring.—I concur in the judgment. I do this reluctantly, and only because our supreme court in *Ott Hardware Co.* v. *Davis*, 165 Cal. 795, [134 Pac. 973], has established the law to govern the case. I am still of the opinion that under the facts shown no liability was created against the city of Santa Barbara. The reasons are expressed in the dissenting opinion of the supreme court as filed in the case cited.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1917.