[Civ. No. 2494.   Second Appellate District.—February 27, 1918.]

OTT HARDWARE COMPANY (a Corporation), Respondent, v. MISS A. C. HOLMBERG, as City Clerk, etc., Appellant.

[Civ. No. 2440.   Second Appellate District—February 27, 1918.]

OTT HARDWARE COMPANY (a Corporation), Respondent, v. MISS A. C. HOLMBERG, as City Clerk, etc., Appellant.

ABATEMENT OF ACTION—PROCEEDING AGAINST PUBLIC OFFICER—DEATH OF OFFICIAL.—In view of the provisions of section 385 of the Code of Civil Procedure, a proceeding in *mandamus* against a city clerk and auditor in his official capacity to enforce payment from the city of money intercepted pursuant to section 710 of such code, does not abate upon the death of such official, but may be prosecuted against his successor in office.

APPEALS from orders of the Superior Court of Santa Barbara County substituting party defendant and directing collection of warrant and deposit of money in court.   Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

H. P. Starbuck, and Canfield & Starbuck, for Appellant.

B. F. Thomas, for Respondent.

JAMES, J.—The controversy between the parties hereto having run a prolonged course through the trial and appellate courts, is again here on two appeals, both taken by the defendant. As the questions involved are practically the same in both cases, the appeals may well be considered together. The first appeal, that numbered 2494, is an appeal taken from an order substituting A. C. Holmberg, city clerk and city auditor of the city of Santa Barbara as defendant, in the place and stead of Alfred Davis, the former city clerk and auditor. The second appeal, that numbered 2440, is an appeal taken from an order directing the clerk of the superior court to collect a warrant for a sum of money drawn by the city clerk and auditor and deposited in court to await the result of a former appeal.

In December, 1909, Davis was city clerk and auditor of the city of Santa Barbara, and the city of Santa Barbara was at that time indebted in a considerable sum to Warren W. Clark. The Ott Hardware Company having obtained a judgment in the superior court against Clark, sought to intercept this money due from the city to Clark by having filed with the city clerk and auditor, agreeable to the provisions of section 710 of the Code of Civil Procedure, an authenticated transcript of the judgment. Notwithstanding the filing of this transcript, the city clerk and auditor refused to follow the direction of the statute and draw his warrant payable to the court from which the transcript was issued, but did draw the warrant and delivered the same to Clark, or as directed by him. This proceeding in *mandamus* was then brought to compel Davis to return the warrant into court as the statute required him to do. The lower court held adversely to the petitioner's contention there, the matter was appealed to this court, and, the justices not agreeing, the cause was certified to the supreme court, which court later rendered its decision reversing the judgment of the trial court. (See *Ott Hardware Co.* v. *Davis*, 165 Cal. 795, [134 Pac. 973].) Upon the going down of the *remittitur*, further proceedings were had in the court below and, agreeable to the conclusions expressed in the decision just cited, the superior court rendered its

judgment directing Davis to issue his warrant and return it to the superior court as prayed for in the petition. The defendant appealed from this judgment, and, not desiring to furnish bond, took advantage of the provisions of section 944 of the Code of Civil Procedure, and executed the warrant and deposited it with the clerk of the superior court to abide the judgment of the appellate court. While the appeal taken from the last-mentioned judgment was pending, Davis' term expired, and in April, 1914, he died. A. C. Holmberg was thereafter appointed to take the office held by Davis, that of city clerk and auditor of the city of Santa Barbara, and, after notice given, an order was made by the superior court substituting the said Holmberg as party defendant in this action. It is from this last order that one of the appeals now presented was taken. Following the substitution of parties so made in the superior court, a like order was made, after notice, by this court in the appeal then pending here from the judgment ordering the warrant to be issued. The last-mentioned appeal was decided in this court, the judgment being affirmed. (*Ott Hardware Co. v. Holmberg,* 32 Cal. App. 229, [162 Pac. 911].) Rehearing being denied in the supreme court, *remittitur* was transmitted to the superior court and a motion was thereafter made upon notice, that the court order the clerk to collect the warrant which had been theretofore deposited in the superior court by Davis to abide the result of the appeal. This motion was granted and the second appeal now being considered here was taken from that order.

It is contended on behalf of appellant that there could be no substitution of Holmberg for Davis, because with the death of Davis or the expiration of his term the cause of action would die. Many authorities are cited, particularly from other jurisdictions, some of which tend to support this view. However, it would seem that we are not required to look beyond the statutes and decisions of our own state in order to find a complete answer to all of the contentions urged on these appeals. Section 385 of the Code of Civil Procedure provides as follows: "An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or pro-

ceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.'' This action was prosecuted against Davis in his official capacity to enforce payment from the city of money which the auditor refused to furnish for the benefit of the judgment creditor of Clark. Surely, as the city has been by the decision of the supreme court determined to be liable for the neglect or refusal of Davis to draw the warrant mentioned, it is no less liable because an officer acting in one of its departments has vacated the office or died. In such a case the law is not concerned with the person who may have become detached from the office, but only with the officer who is there to perform the functions which he or his predecessor has failed or refused to perform. It seems, in view of the conclusions of the supreme court in the main case, to be settled beyond controversy that the cause of action still exists, notwithstanding that Davis' term of office has ended and he has died. This being true, then the provisions of section 385 of the Code of Civil Procedure, are explicit and exact in their applicability to the situation here. The substitution of a succeeding official for one against whom *mandamus* had been brought has been decided to be proper practice. (*Ex parte Tinkum,* 54 Cal. 201; see, also, *Jordan* v. *Hubert,* 54 Cal. 260.) The appeal from the order substituting parties defendant we think is without merit. The appeal from the order made requiring the clerk to collect the warrant and pay the money into court for the benefit of the judgment creditor of Clark, must also fall, as this appeal depends for support upon the contentions made in the first-mentioned appeal which have been hereinbefore discussed.

The order appealed from in cause numbered in this court Civil No. 2494 is affirmed.

The order appealed from in cause numbered in this court Civil No. 2440 is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1918.