[Civ. No. 33400. Second Dist., Div. Two. Dec. 29, 1969.]

THOMAS B. EILKEN et al., Plaintiffs and Appellants, v.
NORMAN MORRISON et al., Defendants and Respondents;
SECURITY FIRST NATIONAL BANK, Real Party in Interest
and Respondent.

COUNSEL

Fadem & Kanner, Philip Michael Brown and Michael M. Berger for Petitioners and Appellants.

Sheppard, Mullin, Richter & Hampton, Myrl R. Scott, Stephen C. Taylor, and Kenneth D. Robin for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

## OPINION

**FLEMING, J.**—On 11 October 1967, Thomas B. Eilken and others (petitioners) petitioned the superior court for a writ of mandate to compel the City of Thousand Oaks (City), its treasurer, Norman Morrison, and the real party in interest, Security First National Bank (Bank), to pay into court all moneys owed to Conejo Valley Development Company (Conejo), against whom petitioners had secured two judgments. The petition alleged that petitioners' judgments had been obtained on 2 December 1966 and 3 February 1967; that City was a debtor of Conejo; that on 19 September 1967, petitioners, pursuant to section 710 of the Code of Civil Procedure, had served on Morrison, the proper City official to receive service under section 710, a declaration of judgment creditors, abstracts of their judgments, and a check for $2.50; that Morrison had not performed his duty to pay into court all moneys held by him in favor of Conejo; and that mandamus was the only adequate remedy to compel him to do so.

After an alternative writ of mandate had been issued, respondents Morrison, City, and Bank filed an answer which set forth two defenses to the petition: (1) petitioners failed to allege the existence of a fund from which respondents were under a duty to make payments; (2) in 1962 Conejo had assigned to Bank as trustee for Conejo's creditors its reimbursement rights under a certain sewage installation contract with Conejo Valley Sanitary Company, and in 1966 the liabilities of the latter had been assumed by City, and consequently City was not a debtor of Conejo but was a debtor of Bank.

Certain other pertinent facts appear from the declarations and exhibits. On 19 September 1967, the date of petitioners' attempted garnishment, City's annual instalment to Bank, $5,441.18 based on sewer revenues from 1966, had not been paid. Bank demanded payment from City on the ground it had a right to payment by virtue of the 1962 assignment by

Conejo. City paid Bank on 4 October 1967 but asked for and received an indemnity agreement from Bank.

Petitioners offered no evidence that City presently had funds from sewer revenues owing to either Conejo or Bank. They contended that Conejo's 1962 assignment of the reimbursement rights under the sewer contract to Bank only gave Bank a security interest (see Com. Code, § 9102) which had not been perfected and which remained subordinate to the lien of the judgment creditors; alternatively, that the assignment had been a fraudulent transfer without consideration which rendered Conejo unable to pay its debts as they matured. (See Civ. Code, §§ 3439.03-3439.06.) According to petitioners, therefore, City did in fact have a debt to Conejo because Conejo's assignment of that debt to Bank was invalid, and consequently City violated section 710 when it paid its 1967 instalment to Bank after petitioners had garnished the debt. Petitioners argue that mandamus was an appropriate remedy to recover the $5,441.18 payment of 4 October 1967 and to require City to turn over to the court all amounts which were, or would become, due under the sewer contract.

■ The superior court denied the relief sought on two alternative grounds: first, until petitioners established that their right to the payments under the sewer contract was superior to Bank's right, either because the assignment by Conejo to Bank merely conveyed an unperfected security interest or because it had been a fraudulent transfer, City had no debt to Conejo within the meaning of section 710; second, that petitioners had adequate legal remedies to recover both the $5,441.18 and any future amounts which would become due under the sewer contract, and the issuance of a writ of mandate ordering City to pay $5,441.18 already disbursed to Bank and to pay other sums which it did not presently have on hand would be a useless act. We think these grounds furnish sufficient basis for the denial of the writ.

■ First, the writ of mandate could not issue to compel payment of funds presently held by City and due Conejo (or Bank) because no evidence was presented that City possessed any such funds.

■ Second, funds due under the contract which would come into City's possession at some future time, could be reached by petitioners through an independent action at law or in equity, accompanied by an appropriate order preventing disbursement of the funds by City to Bank during the pendency of the action; in such an action petitioners' claim of superior right to the funds as against the Bank could be fully adjudicated.

■ Third, a writ of mandate could not reach the $5,441.18 already disbursed by City, even if it were subsequently determined that petitioners had a prior right to the money. ■ Mandamus to effect execution

under section 710 is not an appropriate remedy to deal with situations where, before the writ may properly issue, a determination must first be made that an assignment of a debt is a fraudulent transfer or that it merely creates a subordinate security interest. Use of the extraordinary remedy of mandamus is appropriate only when other remedies are inadequate. Because a lengthy trial is often necessary to determine the complex question whether a garnishee's debt is owed to the garnishor's judgment debtor or to the latter's assignee, remedies other than mandamus are better adapted to resolve such an issue and protect the rights of the parties during the interim period of resolution. (See Code Civ.Proc., § 1086.) The case of *Ott Hardware Co.* v. *Davis,* 165 Cal. 795 [134 P. 973], did not hold otherwise. There, as the court pointed out, it was undisputed that the city owed a debt to plaintiff's judgment debtor. The latter merely informed the city it could discharge its debt by payment to his attorneys, to whom he had not assigned the right to collect the debt but with whom he had an agreement to reimburse them for fees and disbursements from moneys recovered on the debt. Had there been a clear assignment of the debt, as here, the court might have reached a different result. But, said the court, "The agreement was wholly executory, and, as against plaintiff, did not constitute an assignment of the judgment, or the fruits thereof." (P. 800.) We think the superior court was correct in refusing to issue a writ of mandate to compel payment to petitioners of the $5,441.18 disbursed to Bank on 4 October 1967.

Since petitioners did not establish their right to a writ of mandate to compel payment of present, future, or past moneys due under the sewer contract, and since they had other legal and equitable remedies available for use, remedies which it appears they are now pursuing, the superior court properly denied the writ, and its judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.