[No. 10,479.]

## EX PARTE TINKUM.

JURISDICTION—ABATEMENT—CONTEMPT.—Where, pending an application for a writ of mandate to a County Treasurer, his term of office ceases, but judgment is afterward rendered against him, and the writ issued, the judgment and writ have no force against his successor; and proceedings against such successor for contempt for refusing to obey the writ, are void for lack of jurisdiction.

PARTIES.—In an action against a public officer, upon his going out of office, his successor does not become a party to the suit, and is not affected by the proceedings, until made a party under the provisions of § 385 of the Code of Civil Procedure.

APPLICATION for discharge upon a writ of *habeas corpus*.

The facts are stated in the opinion.

*T. W. W. Davis,* for Petitioner.

*Vanclief, contra.*

In bank, McKee, J.:

The petitioner is imprisoned under an order of the Superior Court of Mono County, adjudging him guilty of contempt of Court for disobeying a peremptory writ of mandate issued upon a judgment rendered by the late District Court of Mono County on the 17th of November, 1879.

But the records show that the judgment was rendered in an action originally commenced by one Albert Mack against Andrew H. Allen, Treasurer of the County of Mono, for a writ of mandamus to compel the said Treasurer to pay a certain audited warrant, drawn upon the treasury of the county, out of the general fund of the county. In the action, a judgment was rendered on the 27th of October, 1877, by the District Court, in favor of the plaintiff; but from the judgment an appeal was taken by the defendant to the Supreme Court, and on the 19th of May, 1879, the judgment was reversed, with costs, for want of findings upon the issues joined by the answer. Upon the filing of the remittitur in the District Court, that Court, without a retrial of the cause, had findings prepared, in which, after reciting the trial, which was had in October, 1877, the Court found, among other things, that A. H. Allen, the defendant, was, and is now, the elected, acting, and qualified Treasurer of Mono County. These findings were signed and filed, and a judgment was entered thereon on the 17th of November, 1879, directing a peremptory mandamus to issue to the said Allen as Treasurer, commanding him that he immediately pay to the plaintiff the amount of the warrant in controversy in the case, out of the general fund of the county. The mandamus, which was issued on this judgment on the 22nd of December, 1879, was not served on the defendant, Allen; for Allen was no longer Treasurer of the county. His term of office had expired on the 1st day of March, 1878. The petitioner had been elected as his successor in office; and he was, at the time of the reversal

of the first judgment in the action, and has been ever since, the elected, acting, and qualified Treasurer of Mono County. Upon him the mandamus was served on the 15th of January, 1880; and it is for refusing to obey it that the Superior Court, on the 16th of January, 1880, adjudged him guilty of contempt, and ordered him to be imprisoned until he complied with the judgment.

It is not necessary to determine whether the District Court acted in excess of its jurisdiction in rendering judgment without a retrial of the cause, after its judgment had been reversed and the cause remanded. But, conceding that its last judgment was valid and effectual against the defendant to the action, it had no validity against the petitioner as his successor in office, because the Court had not, by any order or proceedings had or taken in the action, made the petitioner a party defendant in the action. If the plaintiff intended to have any judgment recoverable in the action enforceable against the petitioner as successor in office of the defendant, he should have had the petitioner substituted, under section 385 of the Code of Civil Procedure, as a party in place of the defendant, after the latter had become *functus officio*. As was said in *Judson* v. *Love*, 35 Cal. 468, when speaking of the representative of a deceased person to a suit: "He is not a party to the suit until he is made so in due form. He must be brought into the suit as a party before he can be affected by any proceedings in the suit.   *   *   *   Till he is made a party to the suit,   *   *   he is as much a stranger to the proceedings, as a party to be affected by it, as if he were not the executor."

So, in an action for mandamus against a State Auditor for refusing to issue his warrant upon the Treasurer, the Supreme Court of Kentucky held, that although the action was substantially a controversy between the plaintiff and the State, yet, when the Auditor went out of office and his successor was qualified, it was necessary that the successor should be made a party defendant in the action, before any judgment therein would be binding against the State. The fact that the Auditor had gone out of office, and that his successor had been appointed, say the Court, constituted no defense to the action either in bar or abatement; but the change in the incumbent should have been

suggested on the records by proper orders, and the action continued against the successor. (*Lindsey* v. *Auditor of Kentucky*, 3 Bush, 231.)

It follows, therefore, that the Court below acquired no jurisdiction of the person of the petitioner, and that the judgment and all subsequent proceedings thereon to enforce the same were void, and of no effect against him. . He is, therefore, entitled to be discharged; and it is so ordered.

Thornton, J., Myrick, J., Ross, J., Sharpstein, J., and McKinstry, J., concurred.

Morrison, C. J., not having heard the argument in this cause, took no part in the decision.