[No. 6,055.]
## JORDAN *v.* HUBERT, TREASURER.

SAN FRANCISCO, CITY HALL ACTS—MANDAMUS.—Under the supplementary Act of April 3rd, 1876—relating to the construction of the New City Hall in San Francisco, and directing the payment of certain outstanding warrants, out of a fund arising from the sale of bonds referred to in the act—it was the duty of the Treasurer to pay the interest as well as the principal of said warrants, so long as there was any money in the fund.

APPEAL from a judgment refusing to grant a writ of mandamus, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

The facts are stated in the opinion.

*Joseph M. Nougues,* for Appellant.

*W. C. Burnett,* for Respondent.

Department No. 2, SHARPSTEIN, J.:

The plaintiff, under a contract with the Board of City Hall Commissioners of San Francisco, performed certain work upon the New City Hall, for which he received, prior to January 24th, 1875, five City Hall warrants for various sums, each of which was registered by the Treasurer of the City and County of San Francisco soon after it was issued. On the 21st of July, 1876, the plaintiff presented said warrants to the defendant, who was then Treasurer of said city and county, and demanded payment of the principal, together with interest thereon from the dates of the registration of said warrants; said interest amounting in the aggregate to $6,330.33. The Treasurer paid the principal, but refused to pay the interest or any part thereof. Upon the plaintiff's application, an alternative writ of mandamus was obtained by him, commanding the defendant to pay said interest, or show cause, etc. The defendant answered, denying in effect that there was any law which made it his duty to pay said interest. After some evidence had been introduced, and the parties rested, the Court found that there was not, at the time of the presentation of the warrants, nor has

there been since, money in the treasury, out of which said interest could be paid; and rendered judgment in favor of the defendant, from which this appeal is taken.

As the principal and interest were both payable out of the same fund, and the defendant testified on the trial that at the time of paying the principal there were $200,985.85 in the fund out of which he paid it, we are forced to the conclusion that, if the principal was paid out of the appropriate fund, there must have been money in the treasury out of which the interest might have been paid at the same time.

The fund out of which the warrants were paid was supplied by money realized from the sale of " City Hall Construction Bonds," and § 6 of that act, (Stats. 1875-6, p. 864) which authorizes the sale of those bonds, provides that " As soon as any funds arising from the sale of said bonds are in the hands of the said Treasurer, he shall publish a notice thereof for five days in three daily newspapers printed and published in said city and county, and requiring the holders of said warrants to present them for payment. All said warrants shall cease to bear interest after the expiration of said five days. The said Treasurer shall pay said warrants, *principal and interest*, in the order of their presentation." It appears that the Treasurer published the appropriate notice, and that the plaintiff presented his warrants within the prescribed time for payment of principal and interest due upon them. The Act of April 4th, 1870, under which the contract with plaintiff was entered into, provided for the payment of interest in case of deferred payments, as in this case. No question is raised as to the correctness of the computation of interest. Upon the case presented by the record, we are clearly of the opinion that the plaintiff is entitled to the relief which he claims.

Judgment reversed, with directions to the Superior Court of the City and County of San Francisco to enter a judgment in favor of the plaintiff. And as this Court has—upon proper suggestion that the term of office of said defendant, Charles Hubert, had expired, and that he had been succeeded in said office by W. R. Shaber—made an order substituting said W. R. Shaber as defendant herein in the place of said Charles Hubert,

said Superior Court is directed to issue in said action a peremptory writ of mandamus to said W. R. Shaber, as Treasurer of said city and county, commanding him to pay to the plaintiff the said sum of $6,330.33, interest due upon said warrants specified in the affidavit and petition of said plaintiff for the issuance of said writ.

THORNTON, P. J., and MYRICK, J., concurred.