HONORÉ, PETICIONARIO Y APELANTE, *v.* WILSON, DEMANDADO, Y APELADO.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en procedimiento de *mandamus*.

No. 3046.—Resuelto en febrero 21, 1924.

*Mandamus*—ACCIÓN PERSONAL.—El oficio del auto de *mandamus* es compeler al cumplimiento de un deber que resida en la persona a quien el auto va dirigido. Si es un funcionario, y el deber es oficial, el auto va dirigido exclusivamente a él como persona, y puede ser castigado por dejarlo de cumplir. El auto no va dirigido al cargo. En substancia, es por lo tanto una acción personal, y descansa en la presunción de que el demandado ha rehusado realizar un deber personal para el cumplimiento del cual el demandante tenía un derecho claro. De aquí se sigue que cuando el funcionario demandado se muere o se retira del cargo, el auto de *mandamus* debe desestimarse en la ausencia de un precepto estatutorio en contrario.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Honoré.*

Abogados del apelado: *Hon. Attorney General* y *Sr. R. H. Todd, Jr.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Francisco Honoré ejerció en el Departamento del Inteterior el cargo de maquinista de un rolo aplanador de carreteras, con carácter temporal, y en 18 de agosto de 1922 John A. Wilson, Comisionado del Interior en dicha fecha, declaró cesante al citado Honoré, quien alegando que su destitución fué ilegal, arbitraria, sin razón ni causa justificada y sin que se le diera audiencia para defenderse y contestar los cargos que se le formularon, solicitó de la corte inferior, febrero 8, 1923, un auto de *mandamus* dirigido a John A. Wilson, Comisionado del Interior, para que fuera repuesto en el cargo del cual había sido destituído.

El demandado alegó en primer lugar la insuficiencia de la petición para que se concediera el remedio solicitado y al mismo tiempo produjo su contestación aceptando y negando determinadas alegaciones y alegando a su vez otros

hechos que es innecesario reproducir a los fines de esta opinión.

La corte inferior dictó resolución declarando insuficientes las alegaciones para justificar una sentencia a favor del peticionario, por lo que dicho peticionario interpuso este recurso alegando que la corte erró al desestimar la petición.

Sin entrar a examinar las cuestiones legales planteadas por el apelante, nos parece oportuno, como cuestión previa, considerar si hipotéticamente procede el *mandamus* no siendo ya Comisionado del Interior John A. Wilson, habiendo otra persona asumiendo los deberes y funciones de su cargo. Esta es la cuestión última planteada por el apelado en su alegato, la que debemos resolver en sentido de la improcedencia del *mandamus*.

El inciso 5 del artículo 36 de la Ley de Evidencia, aprobada en 1 de julio de 1905, nos permite tener conocimiento judicial de las personas que ocupan las cabeceras de los departamentos ejecutivos, y en el curso de este caso es que que se ha operado el cambio de Comisionado del Interior, dejando de ser jefe de dicho departamento John A. Wilson.

En el caso de *U. S. Boutwell*, 17 Wall (U. S.) 604-607, se establece la siguiente doctrina.

"Que el oficio del auto de *mandamus* es compeler al cumplimiento de un deber que resida en la persona a quien el auto va dirigido. * * * Si es un funcionario, y el deber es oficial, el auto va dirigido exclusivamente a él como persona, y puede ser castigado por dejarlo de cumplir. El auto no va dirigido al cargo. No puede ser dirigido al cargo. En substancia, es por lo tanto una acción personal, y descansa en la presunción de que el demandado ha rehusado realizar un deber personal para el cumplimiento del cual el demandante tenía un derecho claro * * * De aquí se sigue que cuando el funcionario demandado se muere o se retira del cargo, el auto de *mandamus* debe desestimarse en la ausencia de un precepto estatutorio en contrario."

De acuerdo con dicha doctrina, en el supuesto de que se dictara un auto de *mandamus* dirigido a John A. Wilson, no vemos qué eficacia o finalidad práctica llenaría el auto, toda vez que John A. Wilson no tendría autoridad para cumplirlo ni incurriría en desacato a la desobediencia de la corte en caso de incumplimiento.

Resuelto este caso en la forma antes dicha, se hace innecesario entrar a considerar las demás cuestiones que se discuten en los alegatos de una y otra parte.

Por las razones expuestas la apelación debe desestimarse.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.