ANTONIO ROMERO MORENO, Petitioner, *v.* ROBERT H. GORE, GOVERNOR OF PUERTO RICO, ET AL., Respondents.

No. 287. Decided March 21, 1934.

*Guerra Mondragón & Soldevila* for petitioner. *Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for respondents.

Mr. Justice Córdova Dávila delivered the opinion of the court.

In this case it is sought by motion to have respondent Eugenio D. Delgado, President *pro tempore* of the Public Service Commission, substituted by the titular President of the Commission, Miguel A. Muñoz, because the former has ceased in his temporary incumbency of that office. It is sought likewise to have the Honorable Robert H. Gore, who ceased to be Governor of Puerto Rico, substituted by his successor the Honorable Blanton Winship. This motion for substitution of parties defendant has been notified to the Honorable Blanton Winship and to the Hon. Miguel A. Muñoz, who were served with copies thereof and have acknowledged receipt of the same over their signatures at the foot of the notice.

It is alleged in support of the motion that it is absolutely necessary to continue and maintain the present suit, and to reach a determination of the questions involved, (*a*) because the petitioner, who claims to be entitled to be reinstated in the office from which he has been removed, has not been reinstated as yet; (*b*) because the right of the petitioner to be reinstated in his office subsists as against the successors of the President *pro tem.* of the Public Service Commission and of the Governor of Puerto Rico, respectively, respondents Eugenio D. Delgado and Robert H. Gore; and (*c*) because if the President of the Public Service Commission, Miguel A. Muñoz, and the present Governor of Puerto Rico, Blanton Winship, have not reinstated or do not reinstate the petitioner in the position from which he was unlawfully dismissed by their predecessors in office, they accept or assume the illegal acts of the respondents whom they respectively succeeded in office and thereby become liable to any judgment which might be rendered in the present case.

On the above grounds petitioner prays this court to order that the present suit, in so far as it seeks the reinstatement

of the petitioner, be continued against Miguel A. Muñoz, president of the Public Service Commission, and Blanton Winsihp, Governor of Puerto Rico.

The Attorney General Benjamin J. Horton and Assistant Attorney General Tomás Torres Pérez, on behalf of respondent Delgado, have opposed the substitution sought because in their opinion the same does not lie under the doctrine laid down by this court in *Honoré* v. *Wilson*, 32 P.R.R. 761. In the cited case a petition was filed for a writ of mandamus directed to John A. Wilson, Commissioner of the Interior, to reinstate in his position Francisco Honoré, an employee of said department who had been discharged. While the suit was pending, Commissioner of the Interior Wilson ceased in office. This court dismissed petitioner's appeal and applied the doctrine laid down in *United States* v. *Boutwell*, 17 Wall. (U.S.) 604–607, in which Judge Strong, speaking for the court, said:

"The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent . . . . . If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right . . . . .

"It necessarily follows from this, that on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provisions to the contrary."

In a subsequent decision, relating also to a mandamus proceeding, the Supreme Court of the United States took occasion to call the attention of Congress to the desirability of legislating on the matter, in the following words:

"In view of the inconvenience, of which the present case is a striking instance, occasioned by this state of the law, it would seem desirable that Congress should provide for the difficulty by enacting

that, in the case of suits against the heads of departments abating by death or resignation, it should be lawful for the successor in office to be brought into the case by petition, or some other appropriate method." *Bernardin* v. *Butterworth,* 169 U. S. 605.

In response to the suggestions from that high tribunal, Congress passed in 1899 a law prescribing that proceedings pending against a public officer in his official capacity could be continued, whenever necessary, in order to determine the matters in controversy. This law was amended in 1925, probably also to carry out the suggestion from that court made in *Irwin* v. *Wright,* 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573, where it was said in the opinion written by Mr. Chief Justice Taft:

"It may not be improper to say that it would promote justice if Congress were to enlarge the scope of the Act of February 8, 1899, so as to permit the substitution of successors for state officers suing or sued in the federal courts, who cease to be officers by retirement or death, upon a sufficient showing in proper cases. Under the present state of the law, an important litigation may be begun and carried through to this court after much effort and expense, only to end in dismissal because, in the necessary time consumed in reaching here, state officials, parties to the action, have retired from office. It is a defect which only legislation can cure."

It is relying upon that act, which is incorporated in the United States Code (title 28, chapter 18, section 780), that the petitioner herein has filed his motion for substitution of parties. The amended act reads as follows:

"Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, or of the District of Columbia, or the Canal Zone, or of a Territory or an insular possession of the United States, or of a county, city, or other governmental agency of such Territory or insular possession, and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained

by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved.

"Similar proceedings may be had and taken where an action, suit, or proceeding brought by or against an officer of a State, or of a county, city, or other governmental agency of a State, is pending in a court of the United States at the time of the officer's death or separation from the office.

"Before a substitution under this section is made, the party or officer to be affected, unless expressly consenting thereto, must be given reasonable notice of the application therefor and accorded an opportunity to present any objection which he may have."

This court has followed the doctrine laid down by the Supreme Court of the United States in regard to this controverted question of substitution of parties in mandamus cases, as to which the courts maintain conflicting views, some of them holding that the action abates with the death or resignation of the respondent official, while others assert that the proceedings may be continued against his successor, after substitution had on motion of a party. Numerous respectable tribunals urge emphatically and vigorously their respective views. Most of the courts seem to hold that the proceedings abate when prosecuted against the individual, but not so when directed against the officer in his official capacity.

In the case at bar the federal statute authorizes us to decree the substitution sought. The act is broad and covers both United States and insular officers. It is unnecessary, therefore, for us to resort to our local statute to decide this question, although it would not be amiss to state that the equivalent of section 69 of our Code of Civil Procedure, which deals with the matter of substitution of parties, has been construed in California as covering cases of mandamus, while practically the same text has been interpreted by the Supreme Court of the United States in a contrary sense.

Construing section 385 of the Code of Civil Procedure, which is similar to section 69 of our code, the California District Court of Appeals (Second District), in *Ott Hardware Co.* v. *Holmberg*, 179 Pac. 422, says:

"It is contended on behalf of appellant that there could be no substitution of Holmberg for Davis, because with the death of Davis or the expiration of his term the cause of action would die. Many authorities are cited, particularly from other jurisdictions, some of which tend to support this view. However, it would seem that we are not required to look beyond the statutes and decisions of our own state in order to find a complete answer to all of the contentions urged on these appeals. Section 385 of the Code of Civil. Procedure provides as follows:

" 'An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.'

"This action was prosecuted against Davis in his official capacity to enforce payment from the city of money which the auditor refused to furnish for the benefit of the judgment creditor of Clark. Surely, as the city has been by the decision of the Supreme Court determined to be liable to the neglect or refusal of Davis to draw the warrant mentioned, it is no less liable because an officer acting in one of its departments has vacated the office or died. In such a case the law is not concerned with the person who may have become detached from the office, but only with the officer who is there to perform the functions which he or his predecessor has failed or refused to perform. It seems, in view of the conclusions of the Supreme Court in the main case, to be settled beyond controversy that the cause of action still exists, notwithstanding that Davis' term of. office had ended and he has died. This being true, then the provisions of section 385, Code of Civil Procedure, are explicit and exact in their applicability to the situation here. The substitution of a succeeding official for one against whom mandamus had been brought

has been decided to be proper practice. *Ex parte Tinkum*, 54 Cal. 201. See also *Jordan* v. *Hubert*, 54 Cal. 260. The appeal from the order substituting parties defendant we think is without merit. The appeal from the order made requiring the clerk to collect the warrant and pay the money into court for the benefit of the judgment creditor of Clark must also fall, as this appeal depends for support upon the contentions made in the first-mentioned appeal which have been hereinbefore discussed."

In *Irwin* v. *Wright, supra,* the Supreme Court of the United States, in deciding a case from Arizona, declared that the Court had examined the statutes of Arizona and that none of them authorizes the substitution of successors of state officers who have been sued. From the opinion rendered in that case we quote the following:

"The Arizona Civil Code, 1913, contains the following:

" 'Sec. 461. An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.'

"This does not permit the substitution of a successor for a public official sued personally."

As may be noted, the Supreme Court of the United States and the California tribunal above mentioned hold opposite views regarding the construction of similar statutes. It is evident that, according to the views entertained by the Supreme Court, section 69 of the Code of Civil Procedure does not permit the substitution of a public officer personally sued.

Abiding by the provisions of the federal statute cited, we are of opinion that the substitution sought should be ordered.