ANTONIO ROMERO MORENO, peticionario, *v.* ROBERTO H. GORE y EUGENIO D. DELGADO, Gobernador de Puerto Rico y Presidente Pro tempore de la Comisión de Servicio Público, respectivamente, demandados.

No. 287.—*Resuelto:* Marzo 21, 1934.

*Guerra Mondragón & Soldevilla,* abogados del peticionario; *Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Subprocurador,* abogados de los demandados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Se solicita en este caso que el demandado, Eugenio D. Delgado, presidente interino de la Comisión de Servicio Público, sea sustituído por su presidente efectivo Miguel A. Muñoz, por haber cesado el primero en la interinidad de dicho cargo. Asimismo se pide que el Hon. Robert H. Gore, quien cesó en su cargo de Gobernador de Puerto Rico, sea sustituído por su sucesor el Hon. Blanton Winship. Esta moción sobre sustitución de partes demandadas ha sido notificada al Hon. Blanton Winship y al Hon. Miguel A. Muñoz, quienes han recibido copias de la misma, estampando sus firmas, dándose por enterados, al calce de la notificación.

Se alega que es de imperiosa necesidad continuar y mantener el presente litigio, así como dirimir las cuestiones envueltas, (*a*) porque el peticionario, quien alega tener derecho al desempeño del cargo del cual fué separado, no ha sido restituído aún; (*b*) porque el derecho del peticionario a la reposición en el ejercicio de su cargo subsiste contra los sucesores del Presidente Interino de la Comisión de Servicio Público y. del Gobernador de Puerto Rico, o sea de los dos demandados Eugenio D. Delgado y Robert H. Gore; y (*c*) porque si el Presidente de la Comisión de Servicio Público, Miguel A. Muñoz, y el actual Gobernador de Puerto Rico, Blanton Winship, no han repuesto ni reponen al peticionario en el ejercicio del cargo de que éste fué ilegalmente lanzado por los antecesores de aquéllos, los mismos aceptan o acatan la actuación contraria a derecho de los demandados a quienes

respectivamente sustituyen y quedan sujetos a la sentencia que en el presente caso procede.

Basado en estas razones el peticionario solicita de esta corte una resolución disponiendo que el presente pleito, en cuanto el mismo interesa la reposición del peticionario, continúe y siga tramitándose contra Miguel A. Muñoz, Presidente de la Comisión de Servicio Público, y Blanton Winship, Gobernador de Puerto Rico.

El Procurador General Benjamin J. Horton y el Subprocurador Tomás Torres Pérez, en representación del demandado Sr. Delgado, se oponen a la sustitución solicitada, porque a su juicio no procede decretarla de acuerdo con la doctrina sentada por este tribunal en el caso de *Honoré* v. *Wilson,* 32 D.P.R. 827. En el citado caso se solicitó un auto de *mandamus* contra John A. Wilson, Comisionado del Interior, para que restituyera en su cargo a Francisco Honoré, empleado destituído de dicho departamento. Estando pendiente la acción ejercitada cesó en sus funciones el Sr. Wilson como Comisionado del Interior. Esta corte desestimó la apelación interpuesta por el peticionario, basándose en la doctrina sentada en el caso de *U. S.* v. *Boutwell,* 17 Wall. (U. S.) 604–607, en el cual el Juez ponente, Sr. Strong, hablando a nombre del tribunal, se expresó en los siguientes términos:

"Que el oficio del auto de *mandamus* es compeler al cumplimiento de un deber que resida en la persona a quien el auto va dirigido. : . . Si es un funcionario, y el deber es oficial, el auto va dirigido exclusivamente a él como persona, y puede ser castigado por dejarlo de cumplir. El auto no va dirigido al cargo. No puede ser dirigido al cargo. En sustancia, es por lo tanto una acción personal, y descansa en la presunción de que el demandado ha rehusado realizar un deber personal para el cumplimiento del cual el demandante tenía un derecho claro. . . De aquí se sigue que cuando el funcionario demandado se muere o se retira del cargo, el auto de *mandamus* debe desestimarse en la ausencia de un precepto estatutorio en contrario."

En una decisión posterior, en que también se ejercitó una acción de *mandamus,* la Corte Suprema de los Estados Uni-

dos se permitió llamar la atención al Congreso para que legislara sobre la materia, en las siguientes palabras:

"En vista de la inconveniencia de la cual el presente caso es un ejemplo elocuente, ocasionada por este estado de la ley, sería deseable que el congreso remediara esta dificultad, disponiendo que en el caso de acciones promovidas contra los jefes de departamentos que cesen por muerte o renuncia, sea legal que su sucesor en el cargo sea hecho parte de la causa, previa solicitud, o que se adopte algún método adecuado." (Bernardin v. Butterworth, 169 U. S. 605.)

Respondiendo a las indicaciones del alto tribunal, el Congreso, en 1899, aprobó una ley permitiendo que los procedimientos pendientes contra un funcionario público en su capacidad oficial, pudiesen continuar, cuando fuese necesario, para que así quedasen resueltos los puntos en controversia. Esta ley fué enmendada en 1925, probablemente obedeciendo también a otra sugerencia hecha en la opinión de la corte, escrita por el Juez Presidente Sr. Taft, en el caso de *Irwin* v. *Wright,* 42 S. Ct. 293, 258 U. S. 219, 66 L. Ed. 573, donde se dijo:

"No sería impropio expresar que convendría a los fines de la justicia ensanchar la esfera de la ley aprobada en febrero 8 de 1899, de modo que permita la sustitución de los sucesores de los funcionarios estaduales que demanden o sean demandados en las cortes federales cuando cesen de ser funcionarios por retiro o muerte y se expongan razones suficientes en casos adecuados. De acuerdo con la ley, tal y como existe en la actualidad, puede iniciarse un litigio importante y elevarse a esta corte después de muchos esfuerzos y gastos, solamente para terminar en una desestimación, debido a que en el tiempo transcurrido los funcionarios estaduales, partes en la acción, se han retirado del cargo. Es éste un defecto que únicamente puede ser remediado mediante legislación."

Es basándose en esta ley, incorporada en el Código de los Estados Unidos, artículo 780, capítulo 18, título 28, que el peticionario ha presentado su moción sobre sustitución de parte. Dice así la referida ley:

"Si mientras se hallare pendiente una acción, pleito o procedimiento iniciado por o contra un funcionario de los Estados Unidos, del Distrito de Columbia, de la Zona del Canal, de un territorio o posesión insular de los Estados Unidos, o de un condado, ciudad u otra agencia gubernamental de tal territorio o posesión insular, en relación con el desempeño actual o futuro de sus deberes oficiales, tal funcionario muere, renuncia o en alguna otra forma cesa en el desempeño de tal cargo, la corte en que se halle pendiente tal acción, pleito o procedimiento, ora sea ésta una de primera instancia o un tribunal de apelaciones, podrá permitir que la causa continúe y sea proseguida por o contra el sucesor de tal funcionario en dicho cargo, si dentro de seis meses después de su muerte o separación del cargo se demostrare suficientemente a la corte que existe la necesidad sustancial de continuar y proseguir la causa y de obtener una resolución sobre las cuestiones envueltas.

"Pueden adoptarse medidas similares cuando una acción, pleito o procedimiento iniciado por o contra un funcionario de un estado, condado, ciudad u otra agencia gubernamental del estado, se halle pendiente en una corte de los Estados Unidos al tiempo en que el funcionario muera o sea separado del cargo.

"Antes de poder hacerse una sustitución de conformidad con este artículo, la parte o funcionario que habrá de ser afectado, a menos que expresamente se avenga a ello, deberá ser razonablemente informado de la solicitud y concedérsele oportunidad para presentar cualquier objeción que tenga."

Esta corte ha seguido la doctrina sentada por el Tribunal Supremo de los Estados Unidos en esta debatida cuestión de sustitución de partes en casos de *mandamus,* en que los tribunales mantienen criterios opuestos, sosteniendo unos que la acción termina con la muerte o renuncia del funcionario demandado, y arguyendo otros que el procedimiento puede continuar contra el sucesor previa sustitución a solicitud de parte. Respetables y numerosos tribunales argumentan con énfasis y vigor sus puntos de vista desde sus diferentes posiciones. La mayoría de los tribunales parece sostener que la acción termina cuando va dirigida contra el individuo; pero no así cuando se dirige contra el funcionario en su capacidad oficial.

En el presente caso el estatuto federal nos autoriza para decretar la sustitución solicitada. La ley es amplia y cubre lo mismo los funcionarios de los Estados Unidos que los funcionarios insulares. No hay necesidad, pues, de acudir a nuestra ley local para resolver esta cuestión, aun cuando no está de más añadir que el artículo 69 de nuestro Código de Enjuiciamiento Civil, que trata la cuestión de sustitución de partes, ha sido interpretado en California en el sentido de que cubre los casos de *mandamus,* y prácticamente por el Tribunal Supremo de los Estados Unidos sosteniendo un criterio contrario.

Interpretando el artículo 385 del Código de Enjuiciamiento Civil, equivalente al 69 de nuestro código, dice la Corte de Apelaciones de California, Segundo Distrito, en el caso de *Ott Hardware Co.* v. *Holmberg,* 179 Pac. 422:

"La parte apelante sostiene que no se podía sustituir a Holmberg por Davis, toda vez que con la muerte de este último o al expirar su mandato, la causa de acción se extinguió. Se citan muchas autoridades, especialmente de otras jurisdicciones, algunas de las cuales tienden a sostener este criterio. Empero, nos parece que no estamos obligados a ir más allá de los estatutos y decisiones de nuestro propio Estado, a fin de hallar una respuesta categórica a todas las contenciones aducidas en estos recursos. El artículo 385 del Código de Enjuiciamiento Civil dispone lo siguiente:

"'Una acción o procedimiento no termina por la muerte o incapacidad de una de las partes, o por la cesión de cualquier interés en dicha acción, siempre que la causa de uno u otra subsista o continúe. En caso de muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción o procedimiento por o contra el representante o sucesor del muerto o incapacitado. En caso de cualquiera otra cesión de interés, la acción o procedimiento podrá continuarse en nombre de la parte iniciadora, o la corte permitir que la persona a quien se hizo el traspaso quede subrogada en la acción o procedimiento.'

"Este procedimiento fué iniciado contra Davis en su capacidad oficial para exigir de la ciudad el pago de dinero que el auditor se negó a pagar para beneficio del acreedor por sentencia de Clark. Como según la decisión de la Corte Suprema la ciudad ha sido declarada responsable por la negligencia o negativa de Davis a expe-

dir el libramiento mencionado, ella no deja de ser menos responsable por haber renunciado el cargo o muerto el funcionario que actuaba en uno de sus departamentos. En tal caso, la ley nada tiene que ver con la persona que se haya separado del cargo, sino con el funcionario que allí está para desempeñar las funciones que él o su predecesor han dejado o se han negado a cumplir. En vista de las conclusiones de la Corte Suprema en el caso principal, nos parece que ha sido resuelto fuera de toda duda que la causa de acción aún subsiste, no obstante el hecho de que el mandato de Davis ha terminado y de que él ha muerto. Siendo esto así, las disposiciones del artículo 385 del Código de Enjuiciamiento Civil son claras y explícitas en su aplicación a la situación aquí envuelta. La sustitución de un sucesor en el cargo por un funcionario contra quien se ha iniciado un mandamus, según se ha resuelto, es el procedimiento adecuado. Ex Parte Tinkum, 54 Cal. 201. Véase también Jordan v. Hubert, 54 Cal. 260. A nuestro juicio, carece de mérito la apelación interpuesta contra la orden sustituyendo al demandado. La apelación interpuesta contra la resolución ordenando al secretario cobrar el libramiento y depositar el dinero en corte a beneficio del acreedor por sentencia de Clark, carece igualmente de mérito, toda vez que esta apelación depende de las contenciones aducidas en el primer recurso mencionado, el cual ya se ha discutido.''

En el caso de *Irwin* v. *Wright,* supra, la Corte Suprema de los Estados Unidos, resolviendo un caso procedente de Arizona, dice que ha examinado los estatutos de dicho estado y ninguno de ellos autoriza la sustitución de sucesores de funcionarios estaduales que hayan sido demandados. De la opinión emitida en dicho caso copiamos lo que sigue:

''El Código Civil de Arizona, 1913, contiene lo siguiente:

'Sec. 461. Una acción no termina por la muerte o incapacidad de una parte, o por la cesión de cualquier interés en dicha acción, siempre que la causa de acción subsista o continúe. En caso de muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción por o contra su representante o sucesor en interés. En caso de cualquier otra cesión de interés, la acción puede continuarse en el nombre de la parte original o la corte permitir que la persona a quien se hizo la cesión quede subrogada en la acción.'

''Esto no permite la sustitución de un funcionario público personalmente demandado.''

Como se ve, la Corte Suprema de los Estados Unidos y la Corte de California emiten criterios opuestos interpretando estatutos similares. Es claro que de acuerdo con el criterio de la Corte Suprema el artículo 69 del Código de Enjuiciamiento Civil no permite la sustitución de un funcionario público personalmente demandado.

*Ateniéndonos a las disposiciones del estatuto federal, opinamos que debe decretarse la sustitución solicitada.*