HÉCTOR MANUEL MORALES, demandante y recurrido, *v.* JUNTA EXAMINADORA DE INGENIEROS, demandada y recurrente.

*Número:* R-69-299     *Resuelto:* 6 de mayo de 1970

*Gilberto Gierbolini, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de la recurrente; *Federico A. Cordero,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El recurrido, Sr. Héctor Manuel Morales, interpuso demanda en la Sala de San Juan del Tribunal Superior con súplica de que se ordenara a la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores a admitirlo a examen de reválida, conforme a las disposiciones de la ley sobre la materia, Ley Núm. 399 de 10 de mayo de 1951. (20 L.P.R.A. secs. 681 y ss.)

Alegó el recurrido que era graduado del curso de ingeniería del Indiana Technical College y había cumplido todos los requisitos que exige la Ley para ser admitido a tomar el examen de reválida; que la Junta, en comunicación de 10 de agosto de 1967, rechazó su solicitud de examen a base de que él era graduado de un curso no reconocido por la Junta; que en reconsideración, el 6 de octubre de 1967 la Junta sostuvo su rechazo, y expresó esta vez que las decisiones tomadas por otra Junta anterior no estaban de acuerdo necesariamente con el criterio de la Junta presente.

Alegó el recurrido que la bondad del curso de ingeniería del Indiana Technical College había sido comprobada por la Junta al admitir a examen a egresados de dicha Institución,

que fueron aprobados y aparecían inscritos en el Registro de la Junta. Que al admitir a examen de reválida a los ingenieros Manuel Cabiya, Andrés Cabiya y Antonio Rivera, graduados del curso de ingeniería del Indiana Technical College, la Junta adjudicó el hecho de que la duración del plan de estudios de ingeniería de dicho colegio es equivalente al de 4 años académicos de cualquier escuela cuya reputación y grado de excelencia son aceptados por la Junta. Alegó finalmente el recurrido que la negativa de la Junta a admitirlo a él a examen, otro graduado de dicho colegio, infringía la igual protección de la ley a que tiene derecho bajo la Constitución del Estado Libre Asociado.

La Junta Examinadora contestó la demanda. Aceptó su negativa a admitir al recurrido a examen y negó el derecho de éste a tomarlo. Aceptó expresamente la Junta:

"[Q]ue el peticionario es graduado del curso de ingeniería del Indiana Technical College y que en el pasado hubo ingenieros que se graduaron de dicho curso y fueron admitidos a examen, el cual aprobaron y que por lo tanto aparecen inscritos en el Registro correspondiente."

Entre otras defensas especiales alegó que no había reconocido el curso que ofrece "la Indiana Technical College".

En el curso del pleito el recurrido y peticionario ante la Junta, solicitó que se dictara sentencia sumaria a base de que no existía entre las partes controversia real en cuanto a ningún hecho material, y que como cuestión de derecho procedía sentencia a su favor. Acompañó a su petición de sentencia sumaria un interrogatorio fechado 31 de julio de 1967 dirigido a la Junta y la contestación de ésta a dicho interrogatorio de 13 de octubre de 1967.

A la pregunta de que durante qué período de tiempo estuvo aprobado por la Junta el curso de ingeniería de Indiana Technical College, la Junta contestó que ninguno. A la pregunta de que si los Sres. Manuel Cabiya, Andrés Cabiya y Antonio Rivera fueron admitidos a examen por la

Junta, ésta contestó que sí, en 1956 y en 1957. A las preguntas 3 y 4 de si los referidos señores aprobaron el examen y si a ellos se les expidió licencia para practicar la profesión de ingeniería en Puerto Rico, la Junta contestó que sí. La quinta pregunta en cuanto a en qué escuela estudiaron los referidos señores el curso de ingeniería, la Junta contestó que en Indiana Technical College. A la última pregunta en cuanto a en qué documento, si alguno, constaba que para la fecha en que los referidos señores estudiaron el curso de ingeniería y fueron admitidos a examen por la Junta dicho curso hubiera estado aprobado por ésta, la Junta contestó que ninguno.

Además de los anteriores documentos se acompañó a la petición de sentencia sumaria la declaración jurada del recurrido en que reproduce sustancialmente los hechos expuestos en sus alegaciones anteriores en la demanda.

A la petición sobre sentencia sumaria se opuso la Junta por el fundamento de que habiendo alegado ella que el curso ofrecido por Indiana Technical College no había sido reconocido por la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, existía controversia entre las partes sobre un hecho esencial.

En 8 de octubre de 1969 la Sala sentenciadora dictó sentencia sumariamente. La Sala se basó fundamentalmente en el aspecto técnico-procesal de que la Junta no había impugnado la moción sobre sentencia sumaria en la forma adecuada que demandan las reglas y las normas de jurisprudencia aplicables. Entendió que no existía controversia real sobre los hechos, y como cuestión de derecho, dictó sentencia sumariamente a favor del recurrido en la cual ordenó a la Junta que procediera a admitirlo a tomar el examen de reválida conforme a las disposiciones de ley aplicables.

Expedimos auto de revisión para considerar dicha sentencia. La Junta hace cinco señalamientos de error, los primeros cuatro de los cuales se refieren al aspecto técnico-procesal

relativo a la procedencia de una sentencia sumaria y a la conclusión de la Sala de que no existía una controversia real de hecho entre las partes. El quinto y último señala que la Sala cometió error al dictar sentencia a favor del demandante.

La Ley aplicable a esta controversia es la Núm. 399 de 10 de mayo de 1951 que regula la práctica de la ingeniería, arquitectura y agrimensura en Puerto Rico. El Art. 9 de dicha Ley, según fue enmendado por la Núm. 121 de 8 de junio de 1967,[1] dispone que como evidencia mínima satisfactoria de que un solicitante llena los requisitos para ser matriculado como ingeniero, arquitecto o agrimensor licenciado, o para su certificación como ingeniero o arquitecto graduado, la Junta aceptará, según fuere el caso:

"(1) Para ingeniero o arquitecto graduado:

(a) *Graduación y examen.* Graduación de un curso o plan de estudios de ingeniería o arquitectura, la bondad del cual haya sido comprobada debidamente y de una duración de no menos de cuatro años académicos o su equivalencia, de cualquier universidad, colegio o instituto cuya reputación y grado de excelencia sean de los aceptados por la Junta, y la aprobación de exámenes escritos (reválida) en las materias fundamentales de la ingeniería o arquitectura."

El Reglamento adoptado por la Junta Examinadora de Ingenieros conforme al Art. 6 de la Ley Núm. 399, y que tiene fuerza y vigor de ley en tanto en cuanto esté en armonía con dicha Ley y los estatutos de Puerto Rico, dispone (20 R.&R.P.R. sec. 686–16) que el certificado de ingeniero o arquitecto graduado será expedido a toda persona que llene los siguientes requisitos:

"1—.     .     .     .     .     .     .     .

---

[1] De los autos originales no aparece en qué fecha el recurrido hizo su solicitud de examen que fue denegada, si antes de la enmienda o después de la enmienda de 8 de junio de 1967. A los efectos de este pleito, la enmienda que sufrió el Art. 9 por la Ley Núm. 121 de 8 de junio de 1967 no afectaría la situación.

2—. . . . . . .

3—Que se haya graduado de un curso o plan de estudios de ingeniería o arquitectura, la bondad del cual haya sido comprobada y reconocida debidamente por la Junta y de una duración de no menos de 4 años académicos o su equivalencia, en un colegio o universidad también reconocidos por la Junta;"

La Sec. 686–31 de dicho Reglamento relativa a "Colegios y universidades reconocidos" dispone en la parte pertinente:

"(i) Se hará un estudio cuidadoso de los cursos de ingeniería, arquitectura y agrimensura de universidades y colegios de los otros estados de la Unión Americana y de países extranjeros y si los cursos son equivalentes en horas de estudio, asignaturas, facultad, laboratorios y exámenes, a los cursos de colegios reconocidos en los Estados Unidos, la Junta discrecionalmente podrá extenderles reconocimiento a dicho colegio o universidad."

Conforme a las disposiciones de Ley y Reglamentarias antes transcritas, tanto la Sala sentenciadora como este Tribunal debemos presumir que la Junta que admitió a examen a los ingenieros Manuel Cabiya, Andrés Cabiya y Antonio Rivera, egresados de Indiana Technical College, cumplió con las obligaciones de ley, y que al admitirlos a examen, consideró la bondad y suficiencia de los cursos de esta Institución. En ausencia de alegaciones y prueba en contrario, no puede inferirse que la Junta en ese entonces actuó en violación de la Ley o dejando de cumplir con el mandato de evaluar y formar juicio sobre la bondad y suficiencia de los cursos tomados en dicho colegio.

■ La posición de la Junta demandada al efecto de que los actuales incumbentes no comparten el criterio de aquellos incumbentes que admitieron a examen a dichas personas, como fundamento para negarse a admitir a examen al recurrido, está profundamente equivocada. Los actos y ejecutorias válidos de las instituciones de gobierno ejecutados conforme a la autoridad de ley, producen efecto jurídico con independencia de quiénes puedan ser los incumbentes de

dichas instituciones en determinado momento. Lo contrario sería una invitación al caos y a la inestabilidad en el orden de ley, si se sostuviera que los actos y ejecutorias de las instituciones públicas no tienen mayor validez más allá del período de incumbencia de las personas que, conforme a la ley, produjeron dichos actos y ejecutorias. Sobre la norma apropiada, y en relación con este propio Tribunal Supremo, véase el Escolio Núm. 2 a la decisión de *Rivera Escuté* v. *Delgado*, 80 D.P.R. 830 (1958), que aparece en la pág. 835. *Cf. Arana* v. *Junta Exam. de Ingenieros*, 51 D.P.R. 306 (1937), a la pág. 314; y *Romero* v. *Gore, Gobernador*, 46 D.P.R. 378 (1934).

■ Debe ser claro que el hecho de que los incumbentes de la Junta demandada no compartan el criterio que tuvieron aquellos que admitieron a examen a egresados de Indiana Technical College no es justificación válida, por ese solo hecho y sin otras consideraciones, para denegar la solicitud de examen del recurrido.

■ Por otra parte, del récord no surge información alguna de cuándo este peticionario cursó sus estudios en Indiana Technical College y cuándo recibió su grado de dicho Colegio. Incuestionablemente la Junta tiene el poder y la facultad de determinar si un colegio cuyos graduados han sido admitidos a examen ha sufrido posteriormente tal devaluación que amerite el que le sea retirado su reconocimiento. Igualmente puede determinar si los cursos existentes con anterioridad a aquellos que cursaron los graduados admitidos a examen llenaban iguales requisitos de suficiencia y bondad.

■ La Junta estuvo en lo correcto al sostener la improcedencia de una sentencia a ser dictada sumariamente a base de que no existía una controversia real de hecho. Lo anteriormente expuesto confirma que existía esa controversia. Y si bien la Junta no se confrontó del todo con la solicitud de sentencia sumaria conforme a las exigencias de las Reglas, la existencia de una controversia real surge de los propios

documentos que el recurrido acompañó con su petición de sentencia.

En las circunstancias anteriores *se dejará sin efecto la sentencia dictada sumariamente por la Sala de San Juan del Tribunal Superior y se devolverá el caso para que se dilucide plenamente en un juicio vivo si el recurrido aprobó en Indiana Technical College cursos iguales o de igual equivalencia a los que aprobaron los ingenieros que fueron admitidos, y si él se encuentra o no en igual posición en que estaban las personas previamente admitidas para reclamar su derecho a que se le admita a examen, y para que la Junta pueda sustanciar su negativa sobre bases que no sean el de no compartir el criterio de unos incumbentes anteriores de la misma, y para la consideración de cualquier otro fundamento que sea necesario para una justa decisión de la controversia.*

El Juez Presidente Señor Negrón Fernández no intervino.