# 95 DTA 217

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

LUIS GONZALEZ RIVERA, POR SI Y SU ESPOSA LA SEÑORA MAXIMINA OLAN CRESPO, Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandante-Peticionario

GIL ROSARIO ROBLEDO, POR SI Y SU ESPOSA LA SEÑORA JUANITA GONZALEZ OLAN Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandante-Peticionario

v.

CIRILO VALENTIN RIVERA, SU ESPOSA ADA RIVERA LOPEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandado-Recurrido

v.

CIRILO VALENTIN LOPEZ, SU ESPOSA MIGDALIA TUBENS DE JESUS Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandado-Recurrido

Núm. KLCE-95-00176

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su Presidente, Juez Brau Ramírez
y los Jueces, Rodríguez Maldonado y Colón Birriel

Rodríguez Maldonado, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El 10 de febrero de 1994 los demandantes-peticionarios presentaron petición de *injuction* ante el Tribunal de Instancia, alegando, en síntesis, ser dueños, en pleno dominio, de la finca objeto del litigio. Que sobre parte de dicha finca, los demandados, en forma violenta, desafíante, engañosa, en contra de la voluntad expresa de los demandantes, han edificado unas estructuras, a manera de residencias, y amenazan continuar edificando otras estructuras complementarias a las residencias. Que los demandados fueron advertidos de que no podían hacer o continuar haciendo obra de clase alguna sobre la finca y aún así, en abierto desafío, continúan con actos de dominio en forma ilegal. Que los demandantes interesan la demolición de la obra, reponiendo el inmueble a su estado primitivo, trabajos que deberán ser a costa y riesgo de los demandados y que éstos se abstengan de continuar edificando en los terrenos de los demandantes. Finalmente reclaman la suma de $25,000 por concepto de daños y perjuicios.

El 11 de marzo de 1994 los codemandados, Cirilo Valentín López y Migdalia Tubens, contestaron la petición de *injuction*, negando la totalidad de las aseveraciones en ella expuestas y levantaron como defensas afirmativas que los codemandados han vivido ininterrumpidamente y como dueños en el terreno que los demandantes invocan como suyo, durante más de 30 años, por lo que invocan la prescripción adquisitiva. Sostienen además, tener justo título sobre la propiedad y que la construcción está completamente terminada, por lo que no proceden los remedios solicitados. Finalmente oponen la defensa de que cualquier acción en daños está prescrita.

En la misma contestación a la petición de *injuction*, presentaron una reconvención contra los demandantes reclamándoles la suma de $50,000 como daños económicos por haber tenido que cancelar compromisos comerciales; $25,000 para cada codemandado por haberse trastrocado la paz familiar y la intimidad de éstos; y que los demandantes amenazan con destruir su propiedad valorada en $70,000. No surge de los autos que los demandantes hayan interpuesto la réplica a dicha reconvención. El 6 de abril de 1994, sin que surja de los autos que los demandantes solicitaron y obtuvieron permiso del Tribunal para ello, presentaron una demanda enmendada, la cual tampoco surje de los autos que haya sido contestada. El 14 de febrero de 1995 los demandantes-peticionarios presentaron moción solicitando se dicte sentencia sumaria a su favor.

El 28 de febrero de 1995 el Tribunal de Instancia dictó Resolución declarando no ha lugar la referida moción y es contra esta Resolución que los demandantes-peticionarios interponen el presente recurso.

Luego de un examen de los autos el Tribunal concluye que actuó correctamente el Tribunal de Instancia al negarse a dictar sentencia sumaria. Existen controversias reales sustanciales en cuanto a hechos materiales que requieren la celebración de una vista en su fondo para poder dilucidarse y que impiden ser adjudicados mediante el mecanismo de la sentencia sumaria.

La Regla 36.3 de Procedimiento Civil de 1979 (32 L.P.R.A., Ap. III, R. 36.3), dispone que el Tribunal podrá dictar sentencia sumaria *"si las alegaciones,... "deposiciones", contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiese, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria... ".*

Como indicó el Tribunal Supremo en *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986) cita precisa a las páginas 720 a 723:

*"La sentencia sumaria tiene como propósito aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos, cuando de los documentos no controvertidos que se acompañan con la solicitud surge que "no existe una legítima disputa de hecho a ser dirimida, sólo resta aplicar el derecho", Roth v. Lugo, 87 D.P.R. 386, 392 (1963); Despiau v. Pérez, 76 D.P.R. 123 (1954) Y "no se ponen en peligro o se lesionan los intereses de las partes. Philip Morris, Inc. v. Tribunal Superior, 103 D.P.R. 207, 216 (1975). Cuando exista duda sobre la existencia de una controversia, ésta debe resolverse contra la parte que solicita la sentencia sumaria. Valcourt Questell v. Tribunal Superior, 89 D.P.R. 827, 832 (1964); Roth v. Lugo, supra. La sentencia sumaria es un remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. Mandel v. United States, 719 F.2d 963, 965 (8vo Cir. 1983); Portis v. Folk Const. Co., Inc., 694 F.2d 520, 522 (8vo Cir. 1982); Everhart v. Drake Management, Inc. 627 F.2d 686, 690 (5to Cir. 1980); Roth v. Lugo, supra, pág. 397; 10A Wright, Miller & Kane, Federal Practice and Procedure Secs. 2725 y 2727 (2da ed. 1983). La sentencia sumaria sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. Roth v. Lugo, supra, pág. 397. Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. Si se cruza de brazos corre el riesgo de que le dicten sentencia en su contra sin la celebración de un juicio en su fondo. Sin embargo, el sólo hecho de no haberse opuesto con evidencia que controvierta la presentada por el promovente no implica que necesariamente proceda la sentencia sumaria o*

*que el promovente tenga derecho a que se dicte a su favor. Flores v. Municipio de Caguas, 114 D.P.R. 521 (1983); Wright, Miller & Kane, op. cit., Sec. 2739; J. Cuevas Segarra, Práctica Procesal Puertorriqueña, San Juan, **Publicaciones J.T.S.**, 1985, Vol. II, Cap. V.*

*Todos los hechos presentados en los documentos que acompañen la moción deben verse de la forma más favorable para la parte que se opone a la moción, concediendo a esta parte el beneficio de toda inferencia que razonablemente se pueda derivar de ellos. Portis v. Fol, Const. Co. Inc., supra, pág. 522; Howard v. Russell Stover Candies, Inc., 649 F.2d 620, 623 (8vo Cir. 1981); Jorge v. Universidad Interamericana, 109 D.P.R. 505 (1980); Cuevas Segarra, op. cit., pág. 188. A los fines de considerar una moción de sentencia sumaria hay que presumir ciertos todos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. Municipio v. Tribl. Superior, 78 D.P.R. 816, 821 (1955). Sin embargo, debe tenerse presente que en un procedimiento de sentencia sumaria las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye. Regla 36.5 de las de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III, R. 36.5);[3] Roslindale Co-op Bank v. Greenwald, 638 F.2d 258, 261 (1er Cir. 1981); MAPCO Inc. v. Carter, 573 F.2d 1268, 1282 (Temp. Emer. Ct. App. 1978); United States v. W. H. Hodges & Co., Inc., 533 F.2d 276, 278 (5to Cir. 1976); Broadway v. City of Montgomery Alabama, 530 F.2d 657, 658 (5to Cir. 1976); Benton-Volvo-Metairíe, Inc. v. Volvo Southwest, Inc. 479 F.2d 135, 139 (5to Cir. 1973); Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6to Cir. 1968); Woods v. Allied Concord Financial Corporation (Del.), 373 F.2d 733 (5to Cir. 1967).*

*Una vez sometida una moción desestimatoria de sentencia sumaria y su oposición, el tribunal debe analizar todos los documentos que acompañan ambas mociones y determinar no sólo si el oponente controvirtió algún hecho material, sino también si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos que se acompañan. Si el tribunal determina que algún hecho material ha sido controvertido por la parte opositora o que hay alegaciones afirmativas en la demanda que no han sido refutadas, debe denegar la solicitud. Bajo estas circunstancias existe una genuina controversia de hechos y la sentencia sumaria no procede. Municipio v. Tribl. Superior, supra, pág. 822. Tampoco puede dictarse sentencia sumaria cuando de los propios documentos que se acompañan con la moción surge una controversia real sobre algún hecho material, Morales v. Junta Exam. de Ing., 99 D.P.R. 84, 90 (1970), o cuando como cuestión de derecho no procede. Regla 36.3, id."*

Por los fundamentos expuestos, se deniega la expedición del recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General