# 97 DTA 164

TRIBUNAL DE CIRCUITO DE APELACIONBS
CIRCUITO REGIONAL I DE SAN JUAN

SONIA LLANOS Y ANTONIA PAGAN RODRIGUEZ
Apelantes

v.

DEPARTAMENTO TRANSPORTACION Y OBRAS PUBLICAS DE P.R.
Y ESTADO LIBRE ASOCIADO DE PUERTO RICO
Apelados

Núm. KLAN-97-00440

San Juan, Puerto Rico, a 8 de agosto de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo,
y los Jueces González Román y Córdova Arone

## TEXTO COMPLETO DE LA SENTENCIA EN RECONSIDERACION

Las señoras Sonia Llanos y Antonia Pagán (en adelante, *"señoras Llanos y Pagán"),* nos solicitan la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 1ro. de abril de 1997, la cual desestimó una acción de daños y perjuicios contra el Estado Libre Asociado de Puerto Rico (en adelante, *"E.L.A.")* y el Departamento de Transportación y Obras Públicas de Puerto Rico (en adelante, *"Departamento").*

En su apelación, las señoras Llanos y Pagán señalan que el tribunal *a quo* incurrió en error al desestimar la demanda a favor de los dos demandados y al no anotarle la rebeldía al Departamento.

Por los fundamentos que expondremos más adelante, revocamos la sentencia apelada.

### I

Las señoras Llanos y Pagán presentaron una demanda contra el E.L.A. y el Departamento de Transportación y Obras Públicas en la cual reclamaron daños causados por la negligencia del conductor de un camión que salía de una obra de construcción perteneciente a los demandados en la intersección de la Carreterra 17 con la Avenida Muñoz Rivera en Río Piedras.

Una vez fueron emplazados, el E.L.A. presentó una moción que tituló de desestimación cuando

realmente era una moción de sentencia sumaria. Con ella acompañó una declaración jurada del Sr. José R. Díaz Coss, Sub-director Ejecutivo de la Directoría de Obras Públicas estatal en donde expone:

*"1...........*

*2. Que la Carretera número 17, conocida como la Avenida Jesús T. Piñero de Río Piedras, lugar donde se alega ocurrió el accidente que motiva la presente demanda está bajo la jurisdicción del Departamento de Transportación y Obras Públicas.*

*3. Que no obstante lo antes expuesto, para el 2 de enero de 1996, fecha en que se alega ocurrió el accidente, la Autoridad de Carreteras y Transportación de Puerto Rico, mediante contrato con la Corporación Caribbean Contractor realizaba el Proyecto AC-001731.*

*4. Que desde que comienzan las obras en la referida vía pública hasta que termina el proyecto, es el contratista bajo contrato con la Autoridad de Carreteras y Transportación, quien tiene el control efectivo de la carretera, dentro de los límites del proyecto y quien debe ofrecer la seguridad en la misma.*

*Y PARA QUE ASI CONSTE, juro y suscribo la presente en San Juan, Puerto Rico, hoy 22 de agosto de 1996."*

Solicitó el E.L.A. la desestimación de la demanda en su contra alegando que para la fecha en que ocurrió el accidente, no tenía el control de la Carretera Núm. 17, por estar construyéndose en ella un proyecto y que, por lo tanto, no es responsable de los daños alegados en la demanda.

Al no oponerse las señoras Llanos y Pagán a la solicitud de sentencia sumaria presentada, el Tribunal dictó la siguiente sentencia desestimatoria:

*"SENTENCIA*

*Vista la Moción de Desestimación presentada por el co-demandado Estado Libre Asociado de Puerto Rico, así como la incomparecencia de la parte demandante en fijar su posición a la misma, lo cual interpretamos como un allanamiento a lo solicitado, el Tribunal la declara Ha Lugar.*

*En consecuencia, se desestima la presente causa de acción y se decrete [sic] el archivo y sobreseimiento de este caso.*

*Regístrese y notifíquese.*

*En San Juan, Puerto Rico, a 1ro. de abril de 1997."*

En la discusión de los errores señalados, las apelantes se circunscriben a discutir únicamente el hecho de que el tribunal apelado no le anotó la rebeldía al Departamento, dejándolas sin causa de acción contra éste. Con ello cometen error.

Sabido es que el Secretario de Justicia del Estado Libre Asociado de Puerto Rico es el abogado y representante legal de la Rama Ejecutiva del Gobierno de Puerto Rico tanto en acciones civiles como en acciones criminales. Art. 64, Código Político, 1902, 3 L.P.R.A. sec. 72. El Departamento de Transportación y Obras Públicas de Puerto Rico es uno de los departamentos ejecutivos del gobierno del E.L.A. Habiendo comparecido al pleito el Secretario de Justicia, el Departamento no está en rebeldía.

Existe, sin embargo, razón para la revocación de la sentencia dictada por el ilustrado tribunal apelado. Aunque las señoras Llanos y Pagán no discuten en su escrito de apelación lo que a continuación exponemos, nos corresponde dirimir la corrección de la sentencia dictada por el Tribunal de Primera Instancia. Es sabido que en su función de revisión, un tribunal apelativo no tiene que limitarse a la consideración de los errores señalados o discutidos. Es obligación de los tribunales revisores velar porque se haga justicia a aquella parte que entendemos tiene derecho a ella. *López Vicil*

*v. I.T.T. Intermedia, Inc.,* ___ D.P.R. ___ (1997), **97 J.T.S. 42**, a las págs. 833, 839; *Ríos Quiñones v. Adm. Servs. Agrícolas,* ___ D.P.R. ___ (1996), **96 J.T.S. 71**; *Rodríguez Cruz v. Padilla Ayala,* 125 D.P.R. 486 (1990).

Por otro lado, la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza que se dicte sentencia sumaria inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demuestran que no hay controversia real sustancial en cuanto a ningún hecho pertinente y que como cuestión de derecho debe dictarse la misma a favor de la parte promovente. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito.

El propósito de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias genuinas de hechos materiales, sino que lo que resta es aplicar el derecho. *Hurtado Latre v. Osuna y Fresse,* ___ D.P.R. ___ (1995), **95, J.T.S. 98**, a las págs. 1061, 1065; *PFZ Properties, Inc. v. General Accident Insurance Co.,* ___ D.P.R. ___ (1994), **94 J.T.S. 116**, a las págs. 111, 125; *Caquías Mendoza v. Asoc. Residentes Mansiones de Río Piedras,* ___ D.P.R. ___ (1993), **93 J.T.S. 127**, a las págs. 11068, 11079; *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279 (1990).

En el proceso de determinar si la Regla 36.3 es un vehículo apropiado para disponer total o parcialmente de una demanda, el Tribunal Supremo ha expresado que el sabio discernimiento es el principio rector para su uso, porque mal utilizada puede prestarse para despojar a un litigante de *"su día en corte"*, principio elemental del debido proceso de ley. Por tal razón, el tribunal debe asegurarse de la total inexistencia de controversias de hechos. *González v. Alicea,* ___ D.P.R. ___ (1993), **93 J.T.S. 16**, a las págs. 10377, 10380; *Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp.,* ___ D.P.R. ___ (1991), **91 J.T.S. 54**, a las págs. 8663, 8668; *Roig Com. Bank v. Rosario Cirino,* 126 D.P.R. 613, 617-618 (1990).

Al hacer una relación de los hechos que no están en controversia, la parte que solicita una sentencia sumaria deberá indicar para cada uno de esos hechos la fuente admisible en evidencia que pruebe los mismos. Así

*"[l]as declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del declarante. Contendrán los hechos que serían admisibles en evidencia y demostrarán afirmativamente que el declarante está cualificado para testificar en cuanto a su contenido.* **Copias juradas o certificadas de todos los documentos o de partes de los mismos a que se haga referencia en una declaración jurada deberán unirse a la misma o notificarse junto con ésta...".** (Enfasis suplido.)

Regla 36.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.5.

Al dictar sentencia sumaria no se pueden poner en peligro o lesionar los intereses de las partes. La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una sentencia a su favor. *Hurtado Latre,* a la pág. 1065. Por eso, si existen dudas sobre la existencia de una controversia de hechos, éstas deben resolverse en contra de la parte que solicita la sentencia sumaria presentada. La sentencia sumaria es un remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. *Id.*; *Caquías Mendoza,* a la pág. 11079; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986). El procedimiento de sentencia sumaria no permite que el tribunal dirima cuestiones de credibilidad. *PFZ Properties, Inc.,* a la pág. 125; *Col. de Ingenieros y Agrimensores de P.R. v. A.A.A.,* ___ D.P.R. ___ (1992), **92 J.T.S. 137**, a las págs. 10,010, 10,025. Ante una moción de sentencia sumaria, el tribunal no puede juzgar cuestiones de hechos, sino que su autoridad se circunscribe a determinar si hay cuestiones que deben dilucidarse en juicio. *Sucn. Meléndez v. DACO,* 112 D.P.R. 86, 89 (1982).

Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. Si se cruza de brazos, corre el riesgo de que le dicten sentencia en su contra sin la celebración de un juicio en su fondo. **Sin embargo, el sólo hecho de no haberse opuesto con evidencia que controvierta la presentada por el promovente no implica que necesariamente proceda la sentencia sumaria o que el promovente tenga derecho a que se dicte a su favor.** *Corp. Presiding Bishop CJC of LDS, supra,* pág. 721; J. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* San Juan, **Publicaciones J.T.S.,** 1985, Vol. II, Cap. V.

A los fines de considerar una moción de sentencia sumaria hay que presumir ciertos todos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. **Sin embargo, debe tenerse presente que en un procedimiento de sentencia sumaria las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye.** Regla 36.5 de las de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 36.5.

**Tampoco puede dictarse sentencia sumaria cuando de los propios documentos que se acompañan con la moción surge una controversia real sobre algún hecho material,** *Corp. Presiding Bishop CJC of LDS, supra,* a las págs. 722 y 723; *Morales v. Junta Exam. de Ing.,* 99 D.P.R. 84, 90 (1970), o cuando como cuestión de derecho no procede. Regla 36.3, *Id.*

La declaración jurada que acompañó el E.L.A. con su solicitud de sentencia sumaria no constituye prueba suficiente de hechos pertinentes a la controversia que nos ccupa, para que proceda, como cuestión de derecho, la desestimación de la demanda presentada contra el E.L.A. Así, no se incluye copia del alegado contrato con la corporación Caribbean Contractor, la cual alegadamente realizaba el proyecto AC-001731 en la carretera. Este documento es indispensable para ayudar a dirimir la responsabilidad, si alguna, del E.L.A. Lo expuesto en el apartado número 4 de la declaración jurada, *supra,* es una conclusión de derecho, razón por la cual no podemos dirimir su corrección. Hemos visto que el mero hecho de que las apelantes no se hayan opuesto a la solicitud de sentencia sumaria no es razón suficiente para que proceda, como cuestión de derecho, declarar con lugar la solicitud de sentencia sumaria presentada por las apeladas. *Corp. Presiding Bishop CJC of LDS, supra.*

Resolvemos, pues, que el Tribunal de Primera Instancia deberá determinar como cuestión de derecho, a la luz de los hechos que queden probados, ya sea a través de otra moción de sentencia sumaria acompañada de los documentos correspondientes o luego de una vista en los méritos, si el E.L.A. es responsable a tenor con lo decidido en *Miranda v. E.L.A.,* ___ D.P.R. ___ (1994), **94 J.T.S. 152.** ■

Una vez se devuelva el caso que nos ocupa al Tribunal de Primera Instancia, las señoras Llanos y Pagán podrán, de así estimarlo, traer al pleito a aquellas otras partes que le puedan ser alegadamente responsables de los alegados daños sufridos, o el E.L.A., a su vez, podrá presentar la demanda de tercero que en derecho corresponda.

## II

Por los fundamentos anteriormente expuestos, se revoca la sentencia dictada por el ilustrado Tribunal de Primera Instancia el 1ro. de abril de 1997. Se devuelve el caso para los procedimientos que correspondan consistentes con lo aquí expresado.

Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 97 DTA 164**

1. Recalcamos que la declaración jurada que acompañó el E.L.A. con la moción de sentencia sumaria resulta insuficiente para establecer que éste no es responsable de los daños alegados en la demanda.

En el caso de *Miranda v. E.L.A., supra,* se determinó que el Estado había delegado completamente en la Autoridad de Carreteras la instalación del sistema de alumbrado público de la Carretera Núm. 165, razón por la cual se resolvió que el Estado no tenía el deber primario y directo de brindar el cuidado y el mantenimiento de dicha vía.

En el caso de marras, le corresponderá al tribunal *a quo* determinar si el E.L.A. delegó en la Autoridad de Carreteras la construcción de una obra pública en el lugar de los hechos, en qué consistió tal delegación, es decir, el alcance de la alegada delegación, y qué efectos tendría la misma, si alguna, con respecto a la posible responsabilidad del E.L.A. frente a la parte demandante.